Argued September 4, affirmed December 18, 1975,
petition for rehearing denied January 20, 1976

DELL, *Respondent, Cross-Appellant, v.*
K. E. McKAY'S MARKET OF COOS BAY, INC.,
*Cross-Respondent, and* J. M. RIDGWAY CO., INC.
ET AL, *Appellants.*
543 P2d 678

*Richard A. Roseta,* Eugene, argued the cause for appellants. With him on the briefs were John E. Jaqua and Jaqua & Wheatley.

*Paul D. Clayton* of Luvaas, Cobb, Richards & Fraser, Eugene, argued the cause and filed briefs for respondent, cross-appellant.

*Richard Bryson,* Eugene, argued the cause for cross-respondent. With him on the brief were Calkins & Calkins and Bryson & Roberts.

McALLISTER, J.

This is an action for defamation brought by plaintiff George Dell against K. E. McKay's Market of Coos Bay, Inc., J. M. Ridgway Co., Inc., and Don Rhudy. The action is based on a defamatory statement allegedly made by Rhudy. Dell alleged that in making the statement Rhudy was acting as the agent of both McKay's and Ridgway.

The jury returned a verdict for plaintiff against Ridgway and Rhudy for $40,000 general damages, but found in favor of McKay's. The defendants Ridgway and Rhudy have appealed from the judgment against them and plaintiff Dell has cross-appealed from the judgment in favor of McKay's.

George Dell was the assistant manager of Mc-Kay's Market in Florence. McKay's, which had a chain of markets, contracted with Ridgway for an audit of its stores, which apparently was for the purpose of checking the honesty of McKay's employees. Rhudy was in charge of the audit made of the Florence store. Evidence was obtained by Rhudy and his crew that Dell, while working as a checker, had failed to record all moneys received.

Rhudy informed McKay's personnel manager, Dennis Atkinson, and the manager of the Florence store, Rick Beck, of the results of Ridgway's audit of the Florence market. The three men summoned Dell to a meeting, which, for the sake of privacy, was held in the conference room of a local bank, at which meeting Rhudy informed Dell of the audit results. Because Dell could not explain his failure as a checker to record all sales made by him, he was discharged on the spot by Atkinson, who testified that he fired plaintiff for failure to record all sales on the register.

Dell returned to the market and informed his wife, who worked as a checker for McKay's, that he had been fired. The couple immediately went to their home where Dell told his wife what had happened and that he had been accused of stealing. After talking with her husband for about 30 minutes, Dell's wife told her husband that she was going back to the market and talk to Beck and Atkinson. She returned to the store and went to the back room where she found Rhudy, Atkinson, Beck and another McKay employee named Gary A. Nores. Mrs. Dell first tried to talk to Atkinson and Beck but apparently neither wanted to talk to her. Dell's wife then asked Rhudy why her husband had been fired and Rhudy allegedly replied: "George has stolen $10.00 a day, and at least $50.00 a week since coming to work for the store." This was the statement upon which Dell based his cause of

action for defamation as against Rhudy, Ridgway and McKay's.

Paragraph IV of plaintiff's complaint alleged that McKay's, by and through its agents and employees, maliciously spoke to and in the presence of Pete Hess and divers other persons the following words of and concerning plaintiff: "He had been stealing from the store and was fired."

Defendant Rhudy[1] assigns as error the failure of the court to strike testimony that was introduced for the purpose of showing republication of the statement alleged in paragraph IV quoted above. Before the case was submitted to the jury the court struck paragraph IV from the complaint, leaving as the only basis of plaintiff's complaint the slanderous statement allegedly made by Rhudy.

The court did not, however, instruct the jury to disregard the republication testimony which had been received only as against McKay's. The court had concluded that the testimony could be considered by the jury as a republication of the statement made by Rhudy.

■ Plaintiff's wife testified that the statement made to her by Rhudy was made in a loud voice and that the three McKay employees who were present in the room were nearby. If the jury believed that the other persons heard Rhudy's statement, the jury could have found that Rhudy was liable for any republication by the other persons present, in which event the republication testimony was admissible as against Rhudy. We think the court did not err in permitting the jury to consider the republication testimony as against Rhudy. Prosser on Torts (4th ed) 762, § 112; Restatement of Torts § 576.

---

[1] When we refer to Rhudy as the defendant, we include, sub silentio, the defendant Ridgway, for whom Rhudy was admittedly an agent.

We find no merit in this assignment of error.

■ Defendant Rhudy also alleges that the court erred in permitting testimony regarding plaintiff's mental anguish or emotional distress because neither mental anguish nor emotional distress was pleaded and because such testimony was not causally connected with the statement allegedly made by Rhudy. This assignment of error wholly fails to comply with our Rule 6.18, which requires:

> "Each assignment of error shall be clearly and succinctly stated under a separate and appropriate heading. The assignment of error must be specific and must set out verbatim the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered."

Since we could consider this assignment of error only by a painstaking search of the voluminous record for the testimony objected to and the objections made thereto, if any, we decline to consider this assignment of error.

■ Defendant assigns as error the failure of the court to remove from the jury the plaintiff's claim for lost wages as a result of the alleged slander. The verdict submitted to the jury provided a space for the allowance of both general damages and special damages. The jury inserted $40,000.00 in the space for general damages and "$None" in the space for special damages. This issue was rendered moot when the jury disallowed plaintiff's claim for special damages.

■ The defendant assigns as error the denial of his motions for a nonsuit and for a directed verdict. Since the defendant did not rest on his motion for a nonsuit, but proceeded with his defense, we will consider only the motion for a directed verdict on the

basis of the whole record. *Ballard v. Rickabaugh Orchards, Inc.,* 259 Or 200, 203, 485 P2d 1080 (1971).

■■ The court did not err in denying the motion for a directed verdict. There was direct testimony by Mrs. Dell that the defamatory statement was made by Rhudy and further testimony from which the jury could have found that Rhudy's statement was overheard and republished by others. The statement as testified to by Mrs. Dell was slanderous per se. Under these circumstances it was for the jury to find whether (a) the statement was made by Rhudy, (b) whether it was overheard by the other employees present when the statement was made, (c) whether Rhudy should have foreseen that the statement probably would be republished, (d) whether the statement was republished, and (e) if so, the amount of damages sustained by plaintiff as a result of the publication and republication of the statement.

■ The defendant assigns as error the failure of the court to give his requested instruction concerning the publication to an agent of the plaintiff in response to a request. Defendant contends that Mrs. Dell was her husband's agent when she confronted Rhudy at the market and that if the statement was made by Rhudy in response to her request it would not be defamatory. In other words, the statement would be privileged or qualifiedly privileged.

We find that this assignment of error has no merit for several reasons. First, there is no evidence that Mrs. Dell was acting as her husband's agent when she returned to the market to talk to Beck and Atkinson. It clearly appears that Mrs. Dell was acting on her own as a distraught wife who thought she could solve the whole problem by a talk with Beck and Atkinson.

■ Secondly, the defense of privilege was not plead-

ed. If the complaint alleges facts which, if true, establish privilege, the defense can be raised by demurrer to the complaint as in *Noble v. Ternyik*, 273 Or 39, 539 P2d 658 (1975); *Moore v. West Lawn Memorial Park*, 266 Or 244, 249-250, 512 P2d 1344 (1973). However, if the complaint alleges no facts tending to establish privilege, the defendant must allege privilege as an affirmative defense.[6]

Thirdly, while counsel were taking their exceptions after the jury had retired, the court made the following statement:

"THE COURT: I agree. I had no intention of instructing the jury that this was a cause of action wherein privileged communication was involved because it has not been pleaded."

Counsel for defendant Rhudy neither objected to the position announced by the court nor asked for leave to amend his answer to plead privilege as an affirmative defense.

■ Finally, defendant Rhudy submitted a supplemental requested instruction which, if given, would have instructed the jury that if they found that Rhudy had made the alleged defamatory statement they might "* * * assess nominal damages, and damages such as would normally flow from such a statement, * * *." This requested instruction was a tacit waiver by defendant Rhudy of privilege as a defense to this action.

We have considered all of defendant Rhudy's assignments of error and find no error and therefore affirm the judgment in favor of the plaintiff as against Rhudy and Ridgway.

■ We turn to plaintiff's cross-appeal from the

[6] ORS 16.290; Annotation: Defamation—Privilege—Raising Defense, 51 ALR2d 552, 554, 557-558, 567; Stevens v. Snow, 191 Cal 58, 214 P 968, 970 (1923); Ostrowe v. Lee, 256 NY 36, 175 NE 505, 506 (1931).

judgment in favor of McKay's. Plaintiff alleges two assignments of error. The first alleges that "the court erred in striking amended paragraph IV of plaintiff's complaint and withdrawing allegations therein from consideration of the jury." The court struck paragraph IV of the complaint for the reason that plaintiff failed to prove that any authorized agent of McKay's made the statement alleged in paragraph IV of plaintiff's complaint to the effect that "He (plaintiff) had been stealing from the store and was fired." We think the court did not err in striking paragraph IV from the complaint and that there is no merit in this assignment of error.

Plaintiff's second assignment of error alleges that during the direct examination of the witness Roy Lippert the court erred in sustaining defendant McKay's objections to certain questions and in further limiting the purpose of Lippert's testimony when received. After the court instructed the jury that the testimony of Lippert was being

> "* * * offered by the plaintiff as evidence for you to consider on plaintiff's claim or contention that plaintiff's reputation was alleged injured or damaged by virtue of republication or reiteration of an alleged earlier defamatory statement. In other words, on the theory that was originally defamatory was later spread. For that purpose and that purpose only it's admitted for your consideration * * *",

the plaintiff was allowed to extensively examine Lippert without further objection or restriction.

■ The "alleged earlier defamatory statement" to which the court was referring was the statement made by McKay's to Pete Hess and divers other persons as alleged in paragraph IV of plaintiff's complaint, which paragraph was later stricken by the court without any objection by plaintiff. We think that plain-

tiff's case against McKay's was not prejudiced by the court's ruling as to Lippert's testimony and that plaintiff's second assignment of error has no merit. Finding no error the judgment in favor of McKay's is affirmed.