# HALLCO MANUFACTURING CO.,
## *Appellant,*
### *v.*
# FOSTER,
### *Respondent,*

## (No. 6398, CA 14297)

614 P2d 148

Ronald C. Hoover, Portland, argued the cause for appellants. With him on the brief was Maxwell Donnelly, Portland.

James W. Laws, Madras, argued the cause for respondent. With him on the brief was Shepard & Stewart, Madras.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff, Hallco Manufacturing Company, commenced this action against defendant, alleging three causes of action. The first was for money due for goods sold and delivered, the second for money due on a promissory note, and the third also for money due for goods sold and delivered. In his amended answer, defendant filed a counterclaim against plaintiff and third-party claims against Hallco Systems, Inc., and Olaf Hallstrom, the principal stockholder in both corporations, alleging that they were indebted to him for services performed at their request.

Summary judgment was granted for plaintiff on its first and second causes of action and trial proceeded before a jury on plaintiff's third cause of action and on defendant's counterclaim and third-party claim. The jury returned a verdict in favor of plaintiff as to its third cause of action and a verdict against plaintiff and cross-defendants on defendant's counterclaim and third-party claim. Plaintiff and cross-defendants appeal the judgment in favor of defendant on his counterclaim and third-party claim. Because the interests of plaintiff and cross-defendants are identical, for purposes of this appeal, they will hereafter be referred to as "Hallstrom."

██ Hallstrom assigns as error the trial court's failure to grant his motions for non-suit and directed verdict. We view the facts and inferences to be drawn therefrom in the light most favorable to the defendant, the prevailing party. *Carey v. Hays,* 248 Or 444, 446, 434 P2d 331 (1967). Because Hallstrom did not rest on his motion for non-suit but proceeded with his evidence to defend against the defendant's claim for services, we turn to Hallstrom's motion for directed verdict and consider the whole record. *Ballard v. Rickabaugh Orchards, Inc.,* 259 Or 200, 203, 485 P2d 1080 (1971); *Dell v. K. E. McKay's Market,* 273 Or 752, 757, 543 P2d 678 (1975).

Sometime prior to 1973, Hallstrom designed and developed a "walking floor truck unloader," intended to aid in the mechanical unloading of trucks. Pursuant to an agreement with Hallstrom, defendant installed several of these devices on trucks which he manufactured and sold. Problems were experienced with the unloaders and an improved system was developed which defendant agreed to install on the trucks already sold. According to defendant, Hallstrom agreed to pay him his "expenses," including labor and travel time, in making the changes if the customer refused to pay. Defendant testified that all the customers refused to pay.

■  Hallstrom contends his duty to pay defendant was conditioned on the customers' refusal to pay after being "billed" by defendant. He further contends that because defendant admitted he did not bill the customers, he was entitled to a directed verdict. Defendant conceded that Hallstrom wanted him to bill the customers and that he did not, but testified that the agreement was that if a customer refused to pay, Hallstrom would pay. There was thus a conflict in the evidence on that question and the jury was entitled to believe that the agreement was as defendant testified. The motion for directed verdict was properly denied on the first ground.

■  Lastly, Hallstrom contends that because the oral agreement was so vague as to what "expenses" he agreed to pay, the contract is unenforceable. The evidence viewed in the light most favorable to defendant amply supports the defendant's contention that the understanding of the parties was that "expenses" included travel to the location where the work was to be done as well as a reasonable hourly rate. No contention is made that the rate charged was not reasonable or that the amount of the judgment is unsupported by the evidence.

Affirmed.