Submitted on record and briefs April 26, affirmed October 9, reconsideration denied November 22, petition for review denied December 17, 1985 (300 Or 451)

## SCHROEDER,
*Appellant,*

*v.*

## POAGE,
*Respondent,*

(82-1808; CA A33252)

707 P2d 1240

Earl R. Woods, Jr., and Engelgau & Woods, Coquille, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this libel action, plaintiff appeals from a summary judgment for defendant Poage. We affirm.

At the time of the alleged libel, plaintiff was a member of the Coos Bay City Council, and defendant was the City's mayor. While on the council, plaintiff was involved in a private tax dispute with the city, which predated his election to the council. That ongoing squabble included frequent conversations and correspondence between plaintiff and city officials, particularly the City Manager, Hilyard, who assisted in collecting overdue assessments. Hilyard told defendant that plaintiff had implied during those conversations that, if he did not accede to plaintiff's request, his job would be in jeopardy. Hilyard also told defendant that plaintiff had requested "special treatment" from the City.

In April, 1982, approximately seven years after the original assessment, plaintiff satisfied his obligation to the City. In August of that year, at the behest of plaintiff and one other member of the council, the City Council considered Hilyard's performance and moved to terminate his services. Hilyard thereupon tendered his resignation, and the Council scheduled a meeting for September 13 to consider the tender. On September 10, defendant sent the allegedly libelous letter to plaintiff. He also sent copies to the other members of the City Council and to Hilyard. The letter stated, in part:

> "As you may or may not know, I have followed your actions with regard to your debt owed to the City of Coos Bay, since December 1980. This was an original debt of $8,397.76 which was due and payable in 1975. The taxpayers of this City had paid that bill for you in 1975, with good faith, that you would be honorable, and repay the City in reasonable time. That bill has been past due since September 9, 1975.

> "I want you to know, that each time you have approached the City with another delaying tactic, threat, or bribe, I have been informed. Repeatedly, staff has been instructed to treat you as honest and as fair as possible. The instructions have been 'treat him as any other citizen in the City, who has a debt owing to the City.' I believe the staff has done a very careful job of that.

> "* * * * *

> "My real concern at this time, Bill, is not the debt which

you owe the City of Coos Bay, but the methods that you have used to attempt to not pay it. I am aware, that at one or more times you have put [Hilyard and others], in very compromising positions, because of your position on the City Council. You have used various methods, such as threats, and requests for arbitration by the staff, which if done would have been illegal. You have requested deals, and bargains, such as additional improvements to your property, which have amounted to nothing but a bribe. If it had been done, these also would have been illegal. To sum it up I consider this type of conduct very unethical, and very inappropriate for a City Councilman. .

"In view of your trying to use your position with the City of Coos Bay for personal financial gain, and your unethical pressure on City Department Heads, I am requesting that you resign from the City Council immediately. I believe, this would, in the long run result in much less embarrassment for yourself, and the City. I would also like to point out to you, that you have a very serious conflict of interest with regard to the hiring or firing of the City Manager or any other Department Heads that you have been dealing with. In view of that, and if you choose not to resign, I request that you excuse yourself from the Council table on September 13, 1982 or at any future time, when discussion of Mr. Hilyard's position with the City is discussed."

The letter was signed, "Donald E. Poage, M.D., *Mayor, City of Coos Bay.*" (Emphasis supplied.) Defendant drafted the letter in his office at City Hall, dictated it at his medical office and had his medical secretary transcribe the dictation on his personal medical stationery.

The City Council met on September 13, 1982, but did not discuss the letter. That evening, defendant was contacted by several newspaper reporters asking about it. However, defendant did not disclose the contents of the letter or provide copies to the reporters. The next day, defendant wrote to the State Ethics Commission requesting an investigation of plaintiff. He also forwarded to the Commission a copy of the letter he had sent to the members of the City Council and to Hilyard. Having been contacted again by reporters, defendant then made available to them copies of the letters he had sent to the City Council members, Hilyard and the Ethics Commission.

■ ORCP 47C sets out the standard for granting a motion for summary judgment:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Thus, the party moving for summary judgment must establish that there is no issue as to any material fact and that he is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978).

■. The trial court concluded that defendant was acting as mayor when he published the letter. It granted defendant's motion for summary judgment on the basis of an executive officer's absolute privilege to publish defamatory material in the course of performing his official duties. *Shearer v. Lambert,* 274 Or 449, 547 P2d 98 (1976). We have reviewed the record in the light most favorable to plaintiff, *Seeborg v. General Motors Corporation, supra,* and we conclude that the pleadings, affidavits, depositions and exhibits show no genuine issue of fact on whether defendant acted as mayor when he published the letter and that he is entitled to judgment as a matter of law.[1]

---

[1] Defendant's affidavit in support of his motion stated, in part:

"As Mayor, it was my responsibility to act as the chairman of the Council and to preside over its deliberations. In addition, I had authority to preserve order and enforce the rules of the Council. Under the rules adopted by the City Council, all Councilmen must conduct themselves to bring credit upon the city as a whole, so as to set an example of conduct for all citizens of the community.

"* * * * *

"During September of 1982, I felt that things had escalated to such a point that something had to be done. In my opinion, as Mayor, I felt it was my responsibility to advise Mr. Schroeder and the City Council of what I considered to be unethical conduct on the part of Mr. Schroeder. As a result, on September 10, 1982, I wrote Mr. Schroeder and sent copies to all of the City Council members as well as Mr. Hilyard. * * * In writing the letter I was acting as the Mayor for the City of Coos Bay. I was not acting as a lawyer or as an accountant."

The statements in defendant's affidavit are borne out by other evidence in the record. The letter consistently conveys defendant's concern about the conduct of a city official, and that concern is legitimately related to the office of mayor; further, the letter was delivered to city officials and the Ethics Commission and thus was published in a matter reasonably calculated to resolve those concerns; finally, defendant was authorized to disclose the letter to the press, not only because it was at that time a public record, having been sent to the Ethics Commission, ORS 244.300, but because it provided the public with information concerning the conduct of city affairs. *Barr v. Matteo,* 360 US 564, 79 S Ct 1335, 3 L Ed 2d 1434 (1959); *Shearer v. Lambert, supra,* 274 Or at 455 n 10; Restatement (Second) Torts § 591, *comment f.*

Plaintiff concedes that defendant is entitled to the defense of absolute privilege if he was acting as mayor when he published the letter. Plaintiff contends, however, that there is a question of fact whether defendant was acting as mayor. To support that contention, plaintiff relies on these points: (1) Defendant dictated the letter at his medical office and had his medical secretary transcribe it on his personal medical stationery; (2) defendant stated in his deposition that the letter was a "personal thing" between him and plaintiff; (3) the letter indicates that defendant's purpose in publishing it was to coerce plaintiff into withdrawing from the council deliberations on Hilyard's employment.

■. We conclude that these items do not create a genuine issue of material fact. First, defendant drafted and redrafted the letter in his office at City Hall. Although he used his private medical secretary to transcribe it, that was necessary for all his work as mayor, because he did not have a secretary at City Hall. Further, defendant signed the letter in his capacity as mayor.

■. Second, defendant's statement that the letter was a "personal thing" must be placed in context to be understood. The following examination took place:

"Q. At [the council meeting] was this letter mentioned by yourself or by anybody else?

"A. I don't recall it being brought up.

"Q. Is there any reason why you didn't bring it up at that meeting?

"A. I thought it was a personal thing.

"Q. Personal between whom?

"A. It was personal that I had reminded Mr. Schroeder that he was acting unethically."

Later, in the same deposition, defendant amplified these comments. He stated that, before he wrote the Ethics Commission, he believed that plaintiff's conduct "was a private matter between the City and me as Mayor of the City and Mr. Schroeder." That statement is consistent with the earlier comments. When placed in context, the comment "personal thing" does not create a genuine issue of fact.

■ Third, because the privilege is absolute, defendant's

purpose in publishing the letter is irrelevant.[2] *See Adamson v. Bonesteele,* 295 Or 815, 818, 671 P2d 693 (1983); Restatement (Second) Torts § 591, *comment d* (1977).

■       Plaintiff also argues, relying on *Adamson v. Bonesteele, supra,* that defendant's delivery of the letter to the press deprived him of his absolute privilege. *Adamson,* however, involved the absolute immunity of a local legislator to make defamatory comments in the performance of his legislative function. The Supreme Court held that the privilege did not extend to remarks concerning legislative business made to the press outside the legislative meeting place and outside the legislative process. 294 Or at 828. This case does not involve the absolute privilege of a legislator, but rather the independent absolute privilege of an executive officer. The criteria that define the limits of the two privileges are not the same. The legislative privilege is defined in terms of the time and place of publication; the executive privilege is defined in terms of the authority of the executive office. *See* Restatement (Second) Torts, §§ 590 and 591. Therefore, the holding in *Adamson* is inapposite. The trial court did not err in finding that there was no genuine issue of material fact.

Affirmed.

---

[2] In any event, plaintiff claims that defendant's purpose in publishing the letter was to coerce him into withdrawing from the council's deliberations about Hilyard's employment. Considering defendant's concern about plaintiff's personal interest in that matter, that purpose is legitimately related to defendant's office.