Argued and submitted September 13, 1985, affirmed June 4, 1986

POPE,
*Respondent,*

*v.*

JUDICIAL DEPARTMENT OF THE
STATE OF OREGON,
*Appellant.*

(247335; CA A34296)

721 P2d 462

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

Samuel J. Nicholls, Portland, argued the cause for respondent. With him on the brief was Sanders, Dixon, Nicholls, Siegel & Friedman, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff brought this action to recover civil penalties, because defendant did not pay her accrued vacation pay within 48 hours of her termination. ORS 652.140(2); ORS 652.150. The court awarded plaintiff $1,372 plus costs and attorney fees. ORS 652.200. We affirm.

The facts of this case are largely undisputed. Plaintiff worked as a law clerk for a circuit court judge in Multnomah County from September, 1982, through November, 1983. She resigned her employment, effective December 1, 1983, giving oral notice of termination more than 48 hours before her termination date. She received her regular monthly paycheck on December 1, 1983. She did not, however, receive accrued vacation pay until December 20, 1983.

ORS 652.140(2) provides that "all wages earned and unpaid" at the time of termination become due and payable immediately if an employe has given at least 48 hours notice of his intention to quit. "Wages" includes accrued vacation pay. *State ex rel Nilsen v. Ore. Motor Ass'n,* 248 Or 133, 432 P2d 512 (1967). ORS 652.150 provides:

> "If an employer wilfully fails to pay any wages or compensation of any employe who is discharged or who quits employment, as provided in ORS 652.140, then, as a penalty for such nonpayment, the wages or compensation of such employe shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days * * *."

The issue on appeal is whether defendant, a state agency, is an "employer" under ORS 652.150. In *Putnam v. Department of Justice,* 58 Or App 111, 647 P2d 949 (1982), we stated:

> "Based upon our examination of this record and the authorities submitted, we reach the following conclusions: The penalty wage provisions of the Oregon wage claim statutes apply to the state. *See Crofoot v. Columbia-Willamette Air Poll. Auth.,* 31 Or App 903, 571 P2d 1266 (1977).[1] 58 Or App at 115.

In note 1, however, we stated:

"Defendant does not question the trial court's determination that a state agency is an 'employer' for purposes of the termination-payment statutes."

Defendant argues that *Putnam* is not dispositive, because the issue of whether the state is an "employer" was not raised on appeal there. It also asserts that the issue was not squarely before the court in *Crofoot v. Columbia-Willamette Air Poll. Auth., supra,* upon which the *Putnam* court relied. Plaintiff concedes that the two cases are not controlling, but argues that we should follow the *dictum* in *Putnam.*

The word "employer" in ORS 652.150 is not defined in that section or in any other specifically applicable statutory section. Both plaintiff and defendant argue, however, that other statutory definitions of "employer" are useful in interpreting its meaning. Both ORS 652.210, which specifically applies to ORS 652.210 to ORS 652.230 (prohibition against wage discrimination), and ORS 652.310, which specifically applies to ORS 652.310 to ORS 652.405 (wage enforcement statutes), define "employer" explicitly to exclude the state.[1] Defendant argues that those exclusions demonstrate a legislative intent to exclude the state from liability under ORS 652.150. Plaintiff, on the other hand, argues that the legislature's failure to exclude the state under ORS 652.150, as it did in ORS 652.210 and ORS 652.310, "should be construed as legislative intent to include the state as an employer within the scope of [ORS 652.150]."

The various statutes involved were not adopted contemporaneously. The legislature enacted the first wage collection statute, which included the precursors of ORS 652.110, ORS 652.140 and ORS 652.200, in 1907.[2] In 1931, it enacted the wage enforcement provisions, including the definition of "employer" in ORS 652.310.[3] In 1935, it first added the civil penalty provision at issue here, now ORS 652.150, to the general wage collection statutes.[4] In 1955, it adopted ORS

---

[1] We refer to the versions of those statutes that were in force at the time of plaintiff's termination. In 1985 the legislature amended both statutes to *include* the state specifically. Or Laws 1985, ch 100.

[2] Or Laws 1907, ch 163.

[3] Or Laws 1931, ch 287, § 1.

[4] Or Laws 1935, ch 329, § 1

652.210 as part of legislation directed against discriminatory wage practices.[5] The legislature has not applied the definitions of "employer" in ORS 652.210 and ORS 652.310 to the wage collection statutes generally and did not refer to the definition in ORS 652.310 when it enacted ORS 652.150. The definitions of "employer" in ORS 652.210 and ORS 652.310 are of no *direct* application in defining "employer" in ORS 652.150. *See Lamy v. Jack Jarvis & Company, Inc.*, 281 Or 307, 312, 574 P2d 1107 (1978) (defining "employee"); *Helker v. Sabre Construction Co.*, 265 Or 552, 557, 510 P2d 347 (1973) (defining "wages").

Defendant also contends that, regardless of ORS 652.210 and ORS 652.310, the term "employer" in ORS 652.150 was never intended to and, therefore, does not include the state. It relies principally on the following language in ORS 652.110:

> "No person engaged in any business or enterprise of any kind * * *."

Defendant argues that this phrase (1) defines the word "employer" in ORS 652.150 and (2) does not include the state. The language of ORS 652.110, however, does not clearly evidence a legislative intent to exclude the state from *all* provisions of ORS 652.110 to ORS 652.200. That is particularly true of ORS 652.150, which was *not* adopted when ORS 652.110 was first enacted in 1907. We find, therefore, that ORS 652.110 does not define the term "employer" for purposes of ORS 652.150 and, consequently, that there is no statutory definition of "employer" in ORS chapter 652 that applies to ORS 652.150.

ORS 652.150 provides that an employer who wilfully fails to pay an employe wages upon termination is liable for a civil penalty. Unlike ORS 652.210 and 652.310, which explicitly exclude the state from the definition of "employer," there is no indication that the legislature intended to give any meaning to "employer" in ORS 652.150 other than its common one: one who hires another for wages, which would include defendant. In the absence of any other indication of legislative intent, we give the term "employer" its common

---

[5] Or Laws 1955, ch 193, § 1.

meaning. *State ex rel Nilsen v. Ore. Motor Ass'n, supra,* 248 Or at 137.

Moreover, it is consistent with the statute's purpose to construe the term to include defendant. As stated by the Supreme Court, the statute's central purpose is to assure that

> "one who works in a master and servant relationship, usually with a disparity of economic power existing between himself and his superior, shall be assured of prompt payment for his labors when the relationship is terminated." *Lamy v. Jack Jarvis & Company, Inc., supra,* 281 Or at 313.

The wage collection statutes were intended "to discourage an employer from using a position of economic superiority as a lever to dissuade an employe from promptly collecting his agreed compensation." *State ex rel Nilsen v. Ore. Motor Ass'n, supra,* 248 Or at 138; *see also Kantor v. Boise Cascade Corp.,* 75 Or App 698, 709, 707 P2d 356 (1985), *rev den* 300 Or 506 (1986). This purpose appears to be as applicable to the state when it acts as an employer as to any other employer. State employes, like employes generally, are entitled both to prompt payment of vacation pay at termination and to protection from superior economic power.[6] Accordingly, we follow our *dictum* in *Putnam v. Department of Justice, supra,* and hold that the state is an "employer" within the meaning of ORS 652.150.[7]

Affirmed.

---

[6] Moreover, because the legislature has amended ORS 652.310 to define "employer" to include the state, Or Laws 1985, ch 100, § 2, defendant's suggested interpretation of ORS 652.150 would create the anomaly of the Labor Commissioner being empowered to enforce ORS 652.150 against the state from which, under defendant's argument, the state is exempt. *See* ORS 652.330; ORS 652.332.

[7] Defendant also argues that, because there are specific statutes which establish procedures for paying state employes, ORS 292.010 to ORS 292.180, which do not incorporate or refer to ORS 652.110 to ORS 652.200, we can infer that the legislature did not intend ORS 652.150 to apply to the state. We find nothing, however, in ORS chapter 292 which indicates that those statutes are exclusive or inconsistent with our interpretation of ORS 652.150.