Argued and submitted April 18, reversed and remanded on breach of contract claim, otherwise affirmed June 22, 1988

SERLES et al,
*Appellants,*

*v.*

BENEFICIAL OREGON, INC.,
*Respondent.*

(CV86-458; CA A45602)

756 P2d 1266

Loren W. Collins, Salem, argued the cause and filed the brief for appellants.

Gary M. Georgeff, Portland, argued the cause for respondent. With him on the brief were James C. Waggoner and Waggoner, Farleigh, Wada, Bogrand and Georgeff, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Plaintiffs appeal from a judgment dismissing each of their successive complaints for failure to state a claim. They borrowed money from defendant to buy a truck. The truck, which was collateral for the loan, was damaged in a collision. Plaintiffs allege that defendant agreed in the loan contract to provide insurance for the truck but failed to do so. Their complaints assert theories of breach of contract, negligence, and violation of ORS 725.060. The trial court granted motions to dismiss all three complaints. We reverse and remand on the contract claim but otherwise affirm.

Because this case was decided on motions to dismiss, we accept the facts plaintiffs pleaded as true. *Sommerfeldt v. Trammell,* 74 Or App 183, 187, 702 P2d 430 (1985). Wilbert and Betty Serles are husband and wife; Donald Serles is their son. In November 1984, Wilbert and Betty borrowed approximately $2,700 from defendant to buy a truck for Donald. The truck, an automobile, and some personal property secured the loan. The loan agreement required that plaintiffs[1] keep all the property securing the loan insured, with defendant as the loss payee on the insurance policy. Plaintiffs purchased insurance from defendant. The policy covered the personal property securing the loan, but not the truck. The truck was damaged in a collision, and its value was reduced by $3,000.

Plaintiffs first assign error to the trial court's dismissal of their breach of contract claim. They argue that the loan contract requires defendant to insure the truck or that, at least, the contract is ambiguous on the issue of insurance. Defendant contends that the contract is unambiguous and does not promise coverage.

Whether the contract is ambiguous is a question of law. *Evenson Masonry, Inc. v. Eldred,* 273 Or 770, 772, 543 P2d 663 (1975). A provision is ambiguous when it is reasonably susceptible of more than one meaning. *Western Fire Insurance Co. v. Wallis,* 289 Or 303, 308, 613 P2d 36 (1980). The meaning of an ambiguous term is a question of fact. *Timberline Equip. v. St. Paul Fire and Mar. Ins.,* 281 Or 639, 643, 576 P2d 1244 (1978). The issue here is is whether defendant agreed, in the

---

[1] All three Serleses were plaintiffs below and are appellants on appeal. Only Wilbert and Betty signed the loan contract.

loan agreement, to provide insurance for the truck. The agreement provides, in relevant part:

| | | |
|---|---|---|
| **"SECURITY:** | | To secure this loan, you give us a security interest in the following Property: |
| *"Please check Applicable Box* | /xx/ | The motor vehicle(s) and attached equipment described in the Identification of Security form. |
| | /xx/ | The household consumer goods described in the Identification of Security form. |

"\* \* \* \* \*

| | |
|---|---|
| **"PROPERTY INSURANCE:** | You will keep the Property insured against loss by fire or other risks, and name us as a loss payee. If the Property includes a motor vehicle you will insure the motor vehicle against loss by collision. |

"\* \* \* \* \*

### "PROPERTY PROTECTION

**"PROPERTY:** You have agreed to keep the property that secures your loan insured against loss by fire and other hazards. Protection may be purchased through any agent or broker or through us.

**"REPRESENTATION AND ELECTION:** We have asked you if you have adequate protection on the property. Your reply is as follows:

| | |
|---|---|
| **"INITIAL APPROPRIATE /BS/[2] BOX** | "1) You have no protection and you are buying the protection offered through us. |

"\* \* \* \* \*

**"PROTECTION (IF ELECTED):** You are buying property protection offered through us as shown below and authorize us to pay the cost from the amount of credit extended.

---

[2] Betty Serles initialed the boxes.

"INITIAL
BOX IF
PROTECTION      /BS/
ELECTED

**"Household contents:** Pays the repair cost or full replacement value of the property that secures your loan up to amount of protection elected with no adjustment for wear and tear. You are protected against loss or damage due to fire, lightning, flood, earthquake and certain other perils, and, at a $25 deductible, burglary."

■     The contract is ambiguous. One reasonable interpretation is that defendant agreed to provide protection for *all* of the property that secured the loan—the household goods and the truck. Another reasonable interpretation, as shown by the last portion of the quoted material, is that plaintiffs purchased protection for the household goods only. Because the loan contract is ambiguous, there is a question as to whether defendant agreed to provide insurance for the truck. Therefore, the trial court erred in dismissing plaintiffs' breach of contract claim.

■     Plaintiffs next assign error to the trial court's dismissal of their negligence claims. Their first amended complaint alleged:

"Defendant was negligent in the following particulars:

"(a)   In failing to notify plaintiffs that the insurance policy did not provide collision coverage for the 1962 Chevrolet pickup.

"(b)   In failing to properly explain the loan contract to plaintiffs.

"(c)   In presenting plaintiffs with a loan agreement, loan statement and description of available insurance which falsely indicated that plaintiffs were purchasing protection for the secured property from defendant."

Plaintiffs' original complaint alleged that "[d]efendant was negligent in failing to notify plaintiffs that the insurance policy provided did not comply with Oregon Financial Responsibility laws." Both complaints alleged that defendant knew or should have known that the contract could be interpreted to provide insurance coverage for the truck. Although those

allegations might support a breach of contract or fraud claim, they are not allegations that defendant acted negligently.[3]

■ ■ Plaintiffs' amended complaint can also be read to allege that defendant promised to procure insurance but failed to do so. An insurance agent's failure to procure insurance may be actionable negligence. *See, e.g., Joseph Forest Products v. Pratt,* 278 Or 477, 480, 564 P2d 1027 (1977). Here, however, plaintiffs did not plead that an agency relationship existed. Neither did they allege that they relied on defendant's special knowledge or expertise to procure the insurance. *Cf. Precision Castparts v. Johnson,* 44 Or App 739, 743, 607 P2d 763 (1980) (where agency relationship existed, "plaintiff had a right to rely on the superior expertise of its agent and had the right to assume that its agent performed its duty").

Plaintiffs rely on *Dowell v. Mossberg,* 226 Or 173, 179, 355 P2d 624, 359 P2d 541 (1961), to argue that negligent performance of a contract can be a tort. In *Kisle v. St. Paul Fire & Marine Ins.,* 262 Or 1, 6, 495 P2d 1198 (1972), the court cited *Dowell* for the proposition that "damage caused by the negligent performance of a contract can in certain instances be recoverable in tort." *See also Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 259, 611 P2d 1158 (1980). As the *Kisle* court explained, however, those "certain instances" are cases where parties have entered a relationship in which the law imposes an obligation of due care "apart from any obligation assumed by contract." 262 Or at 7. Thus, in *Dowell,* the negligence claim arose when the defendant physician violated the physician-patient relationship. Here, apart from the contract, there was no relationship alleged that gives rise to such an obligation. We reject plaintiffs' suggestion that every breach of contract or failure to discuss a contract term is negligence.

■ It is not sufficient, as plaintiffs assert, merely that the events that led to their damage may have been foreseeable. Foreseeability is not the only element of a negligence claim. Plaintiffs' damage must arise from "conduct [that] unreasonably created a foreseeable risk *to a protected interest* of the kind

---

[3] In their original complaint, plaintiffs alleged that defendant negligently failed to provide *liability* insurance; in their first amended complaint, they alleged that defendant negligently failed to provide *collision* insurance. In the light of our disposition, we need not discuss those two claims separately.

of harm that befell the plaintiff." *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 17, 734 P2d 1326 (1987). (Emphasis supplied.) The harm that befell plaintiffs was lack of insurance, but that is not a "protected interest," *unless* defendant contracted to provide insurance. Accordingly, plaintiffs' remedy is in contract, not in tort. Plaintiffs have not stated facts sufficient to constitute a negligence claim.

■ ■ Finally, plaintiffs alleged that defendant violated ORS 725.060[4] and that a private cause of action lies to remedy that violation.[5] Violations of ORS 725.060 do not give rise to a private cause of action. If, as here, a statute is silent as to private enforcement rights, courts may recognize a private claim only when it is necessary to carry out the policy of the statute. *Bob Godfrey Pontiac v. Roloff,* 291 Or 318, 332, 630 P2d 840 (1981); *Miller v. City of Portland,* 288 Or 271, 278, 604 P2d 1261 (1980). Because the director of the Department of Insurance and Finance has authority to enforce ORS 725.060, *see* ORS 725.910, there is no need to recognize a private cause of action to carry out the statutory policy.[6] *See Farris v. U.S. Fid. and Guar. Co.,* 284 Or 453, 458, 587 P2d 1015 (1978). Accordingly, plaintiffs have not stated a claim for relief under ORS 725.060.

Reversed and remanded on the breach of contract claim; otherwise affirmed.

---

[4] ORS 725.060 provides:

"No licensee or other person shall advertise, print, display, publish, distribute or broadcast or cause or permit to be advertised, printed, displayed, published, distributed or broadcast in any manner whatsoever any statement or representation with regard to the rates, terms or conditions for loans which is false, misleading or deceptive."

[5] On appeal, plaintiffs suggest that violation of ORS 725.060 is negligence *per se.* They never pleaded that theory, however, and therefore we do not address it.

[6] There is no helpful legislative history on the issue of whether the legislature intended ORS 725.060 to create a private cause of action.