Argued and submitted May 31, on claim for strict liability, reversed and remanded; otherwise affirmed August 24, reconsideration denied October 14, petition for review denied November 30, 1988 (307 Or 182)

## SPEER & SONS NURSERY, INC.,
*Appellant,*

*v.*

## DUYCK,
*Respondent.*

(84-1238C; CA A44508)

759 P2d 1133

Monica M. O'Brien, Portland, argued the cause for appellant. With her on the brief was Gleason, Scarborough, McNeese, O'Brien & Barnes, P.C., Portland.

Larry Dawson, Portland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Plaintiff operates a tree nursery; defendant raises oats and wheat on land adjoining the nursery. Defendant sprayed herbicide on his crops from a tractor. Plaintiff, claiming that the herbicide had drifted onto and damaged its nursery stock, sued on theories of timber trespass, negligence, and strict liability. The trial court dismissed the strict liability claim for failure to state facts sufficient to constitute a claim, ORCP 21A(8), on the basis that

> "[a]s a matter of law, spraying of chemical herbicides from a land-based applicator in a farming community does not constitute an 'extra-hazardous' or 'abnormally dangerous' activity."

The only issue on appeal is the correctness of that ruling.[1] We reverse and remand.

■　Because the strict liability issue comes to us on a motion to dismiss for failure to state a claim, our review is limited to the facts stated in the complaint. *See Richards v. Dahl,* 289 Or 747, 752, 618 P2d 418 (1980). Plaintiff alleged that defendant sprayed a poisonous chemical herbicide which caused damage to plaintiff's trees. The complaint contains no other facts pertinent to the strict liability claim.

■　Whether an activity is abnormally dangerous is a question for the court.[2] *Loe et ux v. Lenhard et al,* 227 Or 242, 249, 362 P2d 312 (1961). The Supreme Court has ruled that *aerial* chemical spraying is an abnormally dangerous activity.

---

[1] The parties tried the remaining timber trespass and negligence claims, and the jury returned a verdict for defendant. Thereafter, the trial court entered a judgment for defendant on all the claims, from which plaintiff appeals.

[2] Among the factors to be considered are those stated in *Restatement (Second) Torts* § 520 (1965):

> "(a) Existence of a high degree of risk of some harm to the person, land or chattels of others;

> "(b) likelihood that the harm that results from it will be great;

> "(c) inability to eliminate the risk by the exercise of reasonable care;

> "(d) extent to which the activity is not a matter of common usage;

> "(e) inappropriateness of the activity to the place where it is carried on; and

> "(f) extent to which its value to the community is outweighed by its dangerous attributes."

*See Burkett v. Freedom Arms,* 299 Or 551, 555, 704 P2d 118 (1985).

*Bella v. Aurora Air, Inc.,* 279 Or 13, 25, 566 P2d 489 (1977); *Loe et ux v. Lenhard et al, supra,* 227 Or at 253-54. Whether *ground-based* chemical spraying[3] is an abnormally dangerous activity is an issue of first impression. Two types of information, legal and factual, are relevant to the resolution of that question. However, information from neither source is sufficient at this stage of the proceeding to provide an answer.

The legal information is found in statutes and regulations, which reflect policy and value judgments regarding an activity. A court, trial or appellate, may look to such enactments in determining whether or not an activity is abnormally dangerous. *See Koos v. Roth,* 293 Or 670, 686, 652 P2d 1255 (1982); *Bella v. Aurora Air, Inc., supra,* 279 Or at 25. Here, we have no legal sources to guide us.[4]

The second source of information is the facts relating to the activity. The Supreme Court has emphasized that

> "it is the duty of the court to decide as a matter of law whether a given activity, *in a given factual setting,* is or is not extra hazardous." *Loe et ux v. Lenhard et al, supra,* 227 Or at 249. (Emphasis supplied.)

*See also Bella v. Aurora Air, Inc., supra,* 279 Or at 24. The "factual setting" can, in turn, come from several sources: the parties' pleadings, briefs, and admissions, *see Burkett v. Freedom Arms, supra,* 299 Or at 553, 558; *Nicolai v. Day,* 264 Or 354, 355, 359, 506 P2d 483 (1973), evidence taken at or before trial, *Loe et ux v. Lenhard et al, supra,* 227 Or at 249, or judicial notice, *McLane v. Northwest Natural Gas,* 255 Or 324, 331, 467 P2d 635 (1970). Presently, our review is limited to the face of the complaint.[5] The allegations of the complaint are not sufficient to permit the necessary analysis to be made without further development of the facts. The allegations are sufficient to survive a motion to dismiss, because they describe an

---

[3] The complaint states only that defendant sprayed herbicide, not how he sprayed it. In their memoranda to the trial court regarding the ORCP 21 motion, the parties agreed that the spraying was done by tractor. Neither party contests that fact or the trial court's procedure in finding, in an opinion letter, that the herbicide was sprayed "from a land-based applicator."

[4] ORS chapter 634 relates to pesticide and herbicide application, but it provides no indication whether the legislature viewed tractor application of herbicides as abnormally dangerous.

[5] Our research reveals no helpful facts that are subject to judicial notice.

activity that *may* be abnormally dangerous and, therefore, they allow plaintiff to introduce evidence necessary to that determination.

Defendant correctly asserts that whether an activity is abnormally dangerous can be decided on a Rule 21 motion. *See, e.g., McLane v. Northwest Natural Gas, supra.* In this case, however, the trial court erred in doing so, because the only source of information it had, the complaint, provided an insufficient basis for deciding the issue. Defendant suggested at oral argument that, if the trial court erred, we should not remand but should decide the issue of liability on the record before us. Even if that procedure were otherwise appropriate, the parties tried only the timber trespass and negligence claims. Neither party introduced evidence on the strict liability theory, because it had been stricken from the pleadings before trial. Therefore, the record does not contain the evidence that is needed to consider the strict liability question.

On the claim for strict liability, reversed and remanded; otherwise affirmed.