John H. STOUT,
*Appellant,*

*v.*

CITICORP INDUSTRIAL CREDIT, INC.,
*Respondent.*

(87C-12212; CA A61869)

796 P2d 373

David C. Force, Salem, argued the cause for appellant.

With him on the briefs were James D. Vick and Vick & Gutzler, Salem.

Richard Baroway, Portland, argued the cause for respondent. With him on the brief was Garvey, Schubert & Barer, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff brought this action against defendant, as a secured party in possession, for wages allegedly unpaid by Mushroom King, Inc. (MKI). Without articulating its reasoning, the trial court granted defendant's motion to dismiss for failure to state ultimate facts sufficient to constitute a claim.[1] ORCP 21A(8). We affirm.

On review, we assume the truth of all well pleaded facts and recite them as alleged in the complaint. *See Brennen v. City of Eugene,* 285 Or 401, 405, 591 P2d 719 (1979); *Gruner v. Lane County,* 96 Or App 694, 696, 773 P2d 815 (1989). MKI employed plaintiff as a general manager from April 10, 1985, through January 20, 1987. Plaintiff earned, but was not paid, $18,448.24 in wages and benefits. Defendant financed MKI's operations, taking a security interest in all of its assets. On January 16, 1987, defendant, pursuant to the terms of the security agreement, entered the premises, took possession of the assets and continued to manage and operate MKI's business.

■ Plaintiff alleged the legal conclusion that, "pursuant to ORS 652.310(1) defendant was and is an employer liable for all of plaintiff's wages and benefits due and unpaid."[2] His argument is grounded on the premise that, at least when the Commissioner of the Bureau of Labor and Industries (BOLI) has rejected an employee's assignment of a wage claim,[3] the employee may enforce his wage claim under ORS 652.310 to ORS 652.405 with the same rights and remedies as BOLI would have if the claim had been assigned to it. Because the

---

[1] The trial court originally dismissed plaintiff's complaint *without prejudice.* Plaintiff attempted to appeal from that judgment. We dismissed that appeal for lack of jurisdiction, whereupon the trial court, at plaintiff's request, entered a judgment of dismissal *with prejudice.* This appeal followed.

[2] Although there appears to be a four day overlap between the time when defendant took possession of MKI's assets and when plaintiff left his employment, plaintiff does not contend that he states a claim directly against defendant for wages for those four days.

[3] ORS 656.330(1)(b) authorizes BOLI to accept assignments of wage claims. Plaintiff argues that he attempted to assign his wage claim to the agency, but it rejected the attempt because of a perceived conflict of interest in representing wage claims of nonmanagement MKI employees.

complaint does not allege the purported rejection by BOLI, we do not consider that argument.[4]

Plaintiff also appears to contend that, in any event, he can maintain a private action to collect unpaid wages under ORS 652.310 to ORS 652.405. The pertinent wage claim statutes are embodied in ORS chapter 652 and are divided into two distinct parts. The first part includes ORS 652.110 through ORS 652.250 and is entitled "Payment and Collection of Wages Generally." Those sections augment an employee's common law right to maintain an action against an employer for unpaid wages by providing enhanced rights, such as the right to a penalty for late payment, ORS 652.150, and for attorney fees. ORS 652.200.

The second part, entitled "Enforcement of Wage Claims," includes ORS 652.310 through ORS 652.405 and augments private enforcement. *See* ORS 652.380. Those sections relate primarily to the authority of BOLI to enforce wage claims that have been assigned to it. Under the statutory scheme, BOLI may institute a civil action to recover unpaid wages from an employer,[5] ORS 652.330(1)(b), or may enforce collection through an administrative proceeding. ORS 652.330(1)(d); ORS 652.332. Those rights exceed those of an employee maintaining a common law action. For example, BOLI may impose liability against one who holds a liquor dispenser license for wages unpaid to persons employed in the kitchen of the licensee's establishment, even though the licensee is not the employer. ORS 652.335. It may also provide reimbursement of wages up to $2,000 from the "Wage Security Fund," if the employer is unable to pay. Or Laws 1985, ch 409, §§ 4, 5, 7, *as amended by* Or Laws 1987, ch 412, and Or Laws 1989, ch 554. In addition, it may impose liability on a "successor to the business of any employer." ORS 653.310(1).

---

[4] Although not disputed by defendant, plaintiff did not allege in his complaint that he attempted to assign his claim to BOLI. Both parties rely on facts outside that pleading, which are outside the record on a motion to dismiss under ORCP 21A(8). *Speer & Sons Nursery v. Duyck,* 92 Or App 674, 676, 759 P2d 1133, *rev den* 307 Or 182 (1988). Therefore, we do not consider them.

[5] ORS 652.310(1) defines an "employer" as that term is used in the enforcement provisions as "any person who in this state, directly or through an agent, engages personal services of one or more employees and includes * * * *any successor to the business of any employer* * * *." (Emphasis supplied.) Plaintiff would rely on that definition to hold defendant liable. Apparently for that reason, his claim is alleged to be brought under the provisions that govern BOLI's authority.

■ The wage claim enforcement statutes do not expressly provide for a private right of action, and there is no language indicative of a legislative intent to imply a private right of action under those provisions. When a statute is silent regarding private enforcement, courts may recognize a private right only when it is necessary to carry out the policy of the statute. *Bob Godfrey Pontiac v. Roloff,* 291 Or 318, 332, 630 P2d 840 (1981); *Miller v. City of Portland,* 288 Or 271, 278, 604 P2d 1261 (1980); *see also Serles v. Beneficial Oregon, Inc.,* 91 Or App 697, 703, 756 P2d 1266 (1988).

■ In promulgating the wage claim statutes, the legislative intent was twofold: to aid an employee in the prompt collection of compensation due and to discourage an employer from using its economic superiority as a lever to dissuade an employee from promptly collecting his agreed compensation. *State ex rel Nilsen v. Ore. Motor Ass'n,* 248 Or 133, 138, 432 P2d 512 (1967). The legislature chose to augment an employee's common law right to collect unpaid wages, *see State ex rel Nilsen v. B. Jacques Chev.,* 16 Or App 552, 554, 520 P2d 366 (1974), through a bifurcated statutory scheme, with private actions for collection pursuant to ORS 652.140 and wage enforcement actions by BOLI pursuant to ORS 652.330, when a wage claim has been assigned to it. Because the legislature created enhanced rights for employees in direct actions, there is no need to imply a right of action under the "Enforcement of Wage Claims" statutes. Not only is it unnecessary to imply such a right, to do so would render the general wage collection provisions superfluous. *See Shoulders v. SAIF,* 300 Or 606, 615, 716 P2d 751 (1986).

■ Although plaintiff has not expressly argued the point, we consider whether, in a private action, the definition of an employer in ORS 652.310(1) is applicable to permit a claim against a successor employer, assuming that that definition includes a secured creditor in possession. In *Pope v. Judicial Dept.,* 79 Or App 732, 721 P2d 462 (1986), we pointed out that ORS 652.110 to ORS 652.200 does not define an "employer" and held that the definition in ORS 652.310(1) could not be used in a private action. Instead, we gave effect to its common meaning: "one who hires another for wages." 79 Or App at 736. Plaintiff's complaint alleged only that MKI hired plaintiff for wages. Because there is no allegation that defendant

similarly engaged plaintiff's services, the trial court did not err in dismissing his complaint.[6]

Affirmed.

---

[6] Plaintiff contends that our refusal to imply a right of action would contravene Article I, section 10, requiring a remedy for every wrong, and would deprive him of equal protection under the Fourteenth Amendment. Both arguments are grounded on BOLI's purported refusal to accept plaintiff's assignment of his wage claim. Because the circumstances surrounding plaintiff's alleged attempted assignment are outside the record, *see* n 4, *supra,* we do not reach the merits of either contention.