Argued and submitted April 17, affirmed July 22, 1992

Rodney JOHNSON,
*Appellant,*

*v.*

OREGON DEPARTMENT OF
FISH AND WILDLIFE,
Randy Fisher and the State of Oregon,
*Respondents.*

(90-CV-0154-ST; CA A67178)

835 P2d 133

Patricia Campbell, Salem, argued the cause for appellant. On the brief was Don W. Leach, Canyonville.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Karen Majcher Art, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham Judges.

DEITS, J.

## DEITS, J.

Plaintiff, a sheep grower, brought this action against Oregon Department of Fish and Wildlife (ODFW) and its director for intentional interference with contractual and prospective business relationships. He alleged that defendants' issuance of a press release concerning an ODFW policy relating to wild Barbary and Mouflon sheep resulted in damages to his sheep raising business. The trial court directed a verdict for defendants on both claims, concluding that there was no evidence of improper motives or means. Plaintiff appeals, and we affirm.

Plaintiff contends, *inter alia*, that defendants used improper means by promulgating the policy through a press release, rather than by following rule making procedures in the Administrative Procedures Act. He contends that ODFW's failure to follow proper procedures denied him his due process rights and that that was sufficient proof of improper means.

Even assuming that plaintiff has a constitutional interest in a state agency's following APA rule making provisions, his case still depends on the premise that a failure to follow those procedures can constitute "improper means."[1] The case law makes clear that the type of conduct that that term envisions in the context of intentional interference torts, *e.g.*, violence, threats, intimidation, defamation, is not the type of conduct relied on here. *See Lewis v. Oregon Beauty Supply Co.*, 302 Or 616, 622, 733 P2d 430 (1987), and authorities there cited. There was also no evidence that ODFW acted with an improper motive. As the trial court found, its motive in taking the action that it did was to facilitate the introduction of Bighorn sheep into different areas of the state, certainly an act consistent with its responsibility to protect and maintain the state's wildlife resources. There was no evidence of a motive on defendants' part to harm plaintiff or his business. The trial court properly granted the directed verdict.

---

[1] We assume plaintiff's premises for sake of discussion but do not imply agreement or disagreement with his assumption that rule making procedures were required and not followed.

Plaintiff's remaining assignments and arguments do not require discussion.

Affirmed.