Argued and submitted April 23, reversed and remanded September 16, 1992

## Larry J. GLUBKA,
*Appellant,*

*v.*

## Stanton LONG
## and State Accident Insurance Fund (SAIF),
*Respondents.*

## (90C-12098; CA A69600)

837 P2d 553

Anthony A. Allen, Salem, argued the cause for appellant. With him on the brief were Daniel J. Gatti and Gatti, Gatti, Maier & Associates, Salem.

Don H. Marmaduke, Portland, argued the cause for respondents. With him on the brief were Nancy J. Moriarty and Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff appeals a judgment dismissing his amended complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). We reverse.

Plaintiff is a licensed chiropractic physician whose practice includes treating injured workers. Some of the workers' employers are insured by defendant SAIF.[1] Plaintiff alleges that, in 1989, defendants initiated "Operation Clean Sweep," an investigation that involved the use of undercover operatives who presented themselves to plaintiff and other Oregon chiropractors, complained of injuries from which they were not suffering and received treatments. Apparently on the basis of evidence gathered during the investigation, defendants filed a racketeering and fraud action against plaintiff for charging SAIF higher fees than he charged the general public. That litigation has not yet concluded.

■ Plaintiff brought this action for tortious interference with contractual and prospective economic relations. Defendants moved to dismiss the amended complaint for, among other things, failing to state a claim. The trial court granted the motion on that ground and entered a judgment dismissing the action with prejudice. For the purpose of determining whether a complaint states a claim for relief, we consider as true the facts alleged and all reasonable inferences that may be drawn therefrom. *Gruner v. Lane County*, 96 Or App 694, 696, 733 P2d 815 (1989); *Emmert v. O'Brien*, 72 Or App 752, 754, 697 P2d 222 (1985); *see also Erickson v. Christenson*, 99 Or App 104, 106, 781 P2d 383 (1989).

Plaintiff's amended complaint alleges that (1) defendants had knowledge of the contractual and economic relationships between plaintiff and his patients; (2) defendants intended to interfere with those relationships by engaging in improper conduct with improper motives; (3) the improper conduct involved (a) implementing "Operation Clean Sweep," which involved falsifying medical and insurance records and reports and making fraudulent statements,[2]

---

[1] SAIF is an independent public corporation providing workers' compensation insurance to Oregon employers. ORS 656.751(1); ORS 656.752. Long is the former Executive Director of SAIF Corporation.

[2] Plaintiff alleges that defendants violated various statutes by making false

(b) filing a racketeering and fraud action against plaintiff, knowing that "such labels were wrongful" and "intend[ing] to prejudice the Plaintiff with irreparable harm," and (c) coordinating a "media event" in which defendants defamed plaintiff by announcing their unfounded litigation against him, "so the Plaintiff and others would be held up to public contempt and ridicule"; (4) the improper motives were to discredit chiropractors, to enhance the reputation and image of the Attorney General, to convince a special session of the Oregon legislature to pass workers' compensation reform legislation and to protect SAIF from being liquidated by the legislature in any upcoming session; (5) the conduct was intended to stop or limit plaintiff's practice by inducing patients to forego or limit further treatment; and (6) as a result of defendants' conduct, plaintiff has suffered non-economic and economic damages, including lost income and impairment of future income capacity.

■■  To state a claim for intentional interference with economic and contractual relations, a plaintiff must allege that the defendant had knowledge of the plaintiff's contractual relationship and that the defendant's interference with those relationships was intentional. *Willamette Quarries, Inc. v. Wodtli*, 308 Or 406, 781 P2d 1196 (1989). The complaint also must allege "either the pursuit of an improper objective of harming plaintiff or the use of wrongful means that in fact cause injury to plaintiff's contractual or business relationship." *Lewis v. Oregon Beauty Supply Co.*, 302 Or 616, 621, 733 P2d 420 (1987); *Sheets v. Knight*, 308 Or 220, 237, 779 P2d 1000 (1989); *see also Top Service Body Shop v. Allstate Ins. Co.*, 283 Or 201, 205, 582 P2d 1365 (1978); *Johnson v. Dept. of Fish and Wildlife*, 114 Or App 335, 835 P2d 133 (1992). Given the benefit of all reasonable inferences, the complaint in this case alleges each of those elements and successfully states a claim for intentional interference with contractual relations.

Defendants argue that plaintiff's claim is only masquerading as an action for intentional interference and that it is actually a claim for wrongful initiation of civil proceedings.

---

statements, falsifying business records, abusing public office, committing election law offenses and misrepresenting plaintiff's financial condition and conduct.

They also argue that plaintiff has failed to allege facts sufficient to state the latter claim, because he has not prevailed in the pending action against him. *See Erlandson v. Pullen*, 45 Or App 467, 470-71, 608 P2d 1169 (1989). Having determined that plaintiff has stated a claim for intentional interference with contractual relations, we need not decide the question of whether he failed to state a different claim.

■ Defendants also contend that plaintiff's action improperly seeks to litigate the same question that is presented by their ongoing fraud and racketeering action against him. However, they overlook the fact that the appropriate method by which to address their concern is a motion to stay this proceeding. Without more, the mere existence of another proceeding is not a basis for dismissing a complaint with prejudice for failing to state a claim.

Finally, defendants assert that, as executive and administrative officials carrying out their official functions, their conduct was absolutely privileged. *See Beason v. Harcleroad*, 105 Or App 376, 385, 805 P2d 700 (1991); *Schroeder v. Poage*, 75 Or App 671, 675, 707 P2d 1240 (1985). They also contend that their actions involved policy judgments and that they are therefore protected by discretionary immunity. *See Lowrimore v. Dimmett*, 310 Or 291, 797 P2d 1027 (1990). Regardless of the merits of those arguments, at this stage of the proceedings no answer to plaintiff's complaint has been filed, no affirmative defense has been raised and our review is limited to the facts stated in the complaint. *Dell v. K.E. McKay's Market*, 273 Or 752, 759, 543 P2d 678 (1975); *Speer & Sons Nursery v. Duyck*, 92 Or App 674, 676, 759 P2d 1133 (1988). Plaintiff's complaint does not allege facts that establish as a matter of law that defendants' coordination of the undercover operation was absolutely privileged or entitled to discretionary immunity. Therefore, defendants' arguments present hypothetical questions that cannot be resolved on this record and cannot serve as a basis for dismissing plaintiff's claim.

Reversed and remanded.