Argued and submitted June 8, affirmed August 5, 1998

# WATERWATCH OF OREGON, INC.,
an Oregon nonprofit corporation,
Northwest Environmental Defense Center,
an Oregon nonprofit corporation,
and Oregon Trout,
an Oregon nonprofit corporation,
*Appellants,*

*v.*

# BOEING AGRI-INDUSTRIAL COMPANY,
an Oregon corporation,
Oregon Water Resources Department,
Martha Pagel, in her official capacity as Director,
and Oregon Water Resources Commission,
*Respondents,*

*and*

# INLAND LAND COMPANY, L.L.C.,
*Intervenor-Respondent.*

(96C-11192; CA A95109)

963 P2d 744

Brooks Cooper argued the cause for appellants. With him on the briefs was Doss & Cooper P.C.

William H. Walters argued the cause for respondent Boeing Agri-Industrial Company. With him on the brief were John F. Neupert and Miller, Nash, Wiener, Hager & Carlsen LLP.

John Bagg, Assistant Attorney General, argued the cause for respondents Oregon Water Resources Department, Martha Pagel and Oregon Water Resources Commission. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Laura Schroeder argued the cause for intervenor-respondent. With her on the brief was Schroeder Law Offices.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

LANDAU, J.

**LANDAU, J.**

Petitioners appeal a judgment dismissing their petition for judicial review of an order in other than a contested case. ORS 183.484; ORS 183.500. The trial court held that petitioners lack standing. We agree and affirm.

We take the facts from the petition for judicial review. Respondent Boeing Agri-Industrial Company (Boeing) holds nine water rights permits, which allow it to irrigate approximately 63,000 acres of state-owned land. The permits were acquired between 1971 and 1984. By 1995, however, Boeing had developed less than half of the lands permitted under the water rights. Boeing requested an extension of time from the Oregon Water Resources Department (department) to complete construction and apply water under the permits. The department granted the request.

Petitioners filed a petition for reconsideration of the department's order granting Boeing's request for an extension of time. The department accepted the petition and eventually denied it. The department director issued a final order granting the extension to Boeing.

Petitioners filed with the Marion County Circuit Court a petition for judicial review of an order in other than a contested case. Petitioners alleged that the department exceeded its statutory authority in granting Boeing's extension request.

Boeing moved to dismiss the action on the ground that petitioners lack standing. Boeing argued that standing is conferred by ORS 536.075(1) on "[a]ny party affected by an order" of the department. In this case, Boeing argued, the petitioners are not parties affected by the department's order. Respondent Inland Land Company, LLC (Inland), which subleases a substantial quantity of the land subject to Boeing's water rights permits, moved to intervene and joined Boeing's motion to dismiss, arguing that petitioners failed to allege facts showing that they are "affected" by the department's order. The department apparently took no position on the motion.

Petitioners contended that they have standing to seek judicial review, because they are "parties" and are "affected" by the department's orders, as those terms are used in ORS 536.075(1). Petitioners argued that they are "parties" within the meaning of the statute, because the department implicitly conferred party status on them by accepting their petition for reconsideration. Petitioners further argued that the allegations in their petition for judicial review satisfactorily explained how they are "affected" by the department's order.

The trial court granted the motion to dismiss. In a letter opinion, the trial court explained:

> "The court is persuaded by defendant Boeing and Intervenor Inland's arguments that petitioner[s] lack[ ] standing. The acts of the agency cannot confer status nor can defendant's failure to object to agency review constitute a waiver."

On appeal, petitioners contend that the trial court erred in granting the motion. To seek review of government agency action, a party must have standing. *People for Ethical Treatment v. Inst. Animal Care*, 312 Or 95, 99, 817 P2d 1299 (1991). In such actions, standing is not conferred by common law; it is conferred by the legislature. *Benton County v. Friends of Benton County*, 294 Or 79, 82, 653 P2d 1249 (1982). ORS 536.075(1) defines who may seek judicial review of an order of the department in other than a contested case. It provides:

> "Any party affected by an order of the [department] may appeal the order to the Circuit Court of Marion County or to the circuit court of the county in which all or part of the property affected by the order is situated. The review shall be conducted according to the provisions of ORS 183.484, 183.486, 183.497 and 183.500."

According to the statute, only a "party" who is "affected" may seek judicial review. ORS chapter 536 does not define the term "party."

Petitioners argue that the term as used in the water rights statutes "should be construed consonantly with its construction in other similar sections of Oregon law," in particular, the Administrative Procedures Act (APA), which defines a "party" as:

"(a) Each person or agency entitled as of right to a hearing before the agency;

"(b) Each person or agency named by the agency to be a party; or

"(c) Any person requesting to participate before the agency as a party or in a limited party status which the agency determines either has an interest in the outcome of the agency's proceeding or represents a public interest in such result. The agency's determination is subject to judicial review in the manner provided by ORS 183.482 after the agency has issued its final order in the proceedings."

ORS 183.310(6). According to petitioners, in this case, the department either "named" them as parties or "determine[d]" that they have an interest in the outcome sufficient to confer party status under ORS 183.310(6)(b) or (c) by accepting their petition for reconsideration and responding to it. If they are "parties" for purposes of the APA, petitioners reason, they also should be considered "parties" for the purposes of this water rights proceeding.

Boeing contends that the definition of "party" in ORS 183.310 does not apply to water rights proceedings. Inland similarly argues that the water rights statutes limit the extent to which persons other than applicants may participate in the permit process—limits that would exclude petitioners in this case—and that the statutes, specifically ORS 537.140(7), further provide that nothing in the APA "shall be construed to allow additional persons to participate in the process." The department contends that, in any event, the department neither "named" petitioners as parties nor made any explicit determination that they were entitled to be designated as parties.

We need not address whether ORS 183.310 applies to water rights proceedings, because, even assuming that it does, it affords no basis for relief in this case.

■    First, as to whether the department "named" petitioners as parties, there is no allegation in the petition for judicial review that the department took such action. Petitioners' only argument is that, by failing to reject their petition for reconsideration, the department implicitly named them parties. They cite no authority for that proposition, and we reject it as untenable based on the language of the statute. ORS 183.310(6)(b) requires the agency to take an affirmative act of "naming" a party; it does not provide that the agency passively may "confer" party status merely by accepting filings that are submitted.

■    Second, as to whether the department "determined" that petitioners had an interest in the outcome of the proceedings, there likewise is no allegation in the petition to support petitioners' contentions. ORS 183.310(6)(c) makes clear that the agency's determination is subject to judicial review pursuant to ORS 183.482. That statute, in turn, requires that the petition for judicial review state the "nature of the order" to be reviewed. ORS 183.482(2). In this case, there is no allegation that the department issued an order determining that petitioners have an interest in the outcome of the proceedings, nor is there an allegation that petitioners asked for one. Even assuming for the sake of argument that no order is required, the statute still makes clear that the agency's "determination" must be expressed in some reviewable fashion. In this case, there is no allegation that the department made any express "determination" as to petitioners' interests.

    Affirmed.