Argued and submitted October 13, 2009, reversed and remanded August 11, 2010

PETE'S MOUNTAIN HOMEOWNERS ASSOCIATION,
an Oregon nonprofit corporation;
Reynold Watt; Barbara Watt;
Dave Krevanko; Terri Krevanko;
Don Blair; Mary Blair;
Tom Bray; Jeri Bray;
David Knox; Janice Knox;
Les De Asis; Roberta De Asis;
Ron Cafferky; Anita Cafferky;
and Laura Kelly,
*Petitioners-Appellants,*

*v.*

OREGON WATER RESOURCES DEPARTMENT,
an agency of the State of Oregon;
Phillip C. Ward, Director,
acting in his personal capacity;
and Oregon Water Resources Commission,
*Respondents-Respondents,*

*and*

PETE'S MOUNTAIN WATER CO., INC.,
an Oregon corporation,
*Intervenor-Respondent.*

Clackamas County Circuit Court
CV07100740; A138923

238 P3d 395

Jay W. Beattie argued the cause for appellants. On the opening brief was Peter D. Mohr. On the reply brief were Jay W. Beattie and Lindsay, Hart, Neil & Weigler, LLP.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondents Oregon Water Resources Department, Phillip C. Ward, and Oregon Water Resources Commission. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

James M. Finn argued the cause for respondent Pete's Mountain Water Co., Inc. With him on the brief were Martha O. Pagel, Sara Kobak, and Schwabe, Williamson, & Wyatt, P.C.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

In this water rights case, the Oregon Water Resources Department (the department) approved an application of Pete's Mountain Water Co., Inc. (the water company), to amend a water right permit. Petitioners, a neighborhood association and a number of local area residents, filed a petition for judicial review of an order in other than a contested case. The water company intervened and moved to dismiss for want of statutory standing, arguing that, under ORS 536.075(1), only a "party affected" by an order of the department may seek review of the order; in this case, the water company argued, petitioners were not parties to the prior proceeding. The department joined in the motion to dismiss. Petitioners conceded that they were not parties to any prior proceedings in this case because there was no prior proceeding to which they could have become a formal party. They argued that the fact that they were affected by the department's order was sufficient to confer standing. The trial court agreed with the water company and the department and dismissed the petition for judicial review.

Petitioners appeal, assigning error to the dismissal on standing grounds. They contend that, notwithstanding the statutory provision that only "parties" may seek judicial review, they have standing because the term must be understood to refer to "persons," regardless of whether they participated in any prior proceedings, so long as they are affected by the order that they challenge. Interestingly, on appeal, the department switches positions and now sides with petitioners in asking for reversal. The water company adheres to its contention that, even if there was no proceeding to which petitioners could have become formal parties, the statute nevertheless confers standing only on such "parties." We agree with petitioners and the department and reverse and remand.

## I. FACTS

■ Because this matter was dismissed at the pleading stage, we take the pertinent facts from the petition for judicial review and "consider as true the facts alleged and all reasonable inferences that may be drawn therefrom." *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992).

The water company holds water right permit G-5383 issued by the department. G-5383 authorized the withdrawal of groundwater for group domestic use and limited irrigation in an approximately 147-acre area in Clackamas County. Petitioner Pete's Mountain Homeowners Association (the homeowners association) is a nonprofit corporation consisting of homeowners in the Clackamas County area generally known as "Pete's Mountain." One of the homeowners association's stated purposes is to ensure the protection and sustainable management of groundwater supplies and other natural resources in the area. Many of the homeowners association's members have individual groundwater rights. The individual petitioners all live in the "Pete's Mountain" area and use individual groundwater wells that are exempt from the department's permitting requirements. ORS 537.545(1) (no permit required for "[s]ingle or group domestic purposes in an amount not exceeding 15,000 gallons a day").[1]

For many years, the water company served water to households outside the place of use specified in G-5383. In 2004, the water company filed an application with the department to amend the place of use of G-5383 to significantly expand the water company's authorized place of use—although the amendment application did not seek to change the maximum number of homes that could be served. The department assigned the reference number T-9767 to the permit amendment application. In late 2006 and early 2007, the homeowners association filed comments with the department on T-9767. The homeowners association asserted that approving the application was erroneous as a matter of law and fact because such an action would fail to protect existing groundwater rights and the public interest. The department subsequently issued a final order in other than a contested case approving T-9767 with conditions.

Petitioners—both the homeowners association and the named individuals—filed a petition for judicial review in the Clackamas County Circuit Court. They alleged that they were adversely affected by the department's final order. The

---

[1] It is unclear from the petition for judicial review if the individual petitioners are members of the homeowners association.

water company intervened and moved to dismiss the petition, arguing that petitioners lacked standing to seek review of the department's order. In particular, the water company argued that petitioners failed to satisfy the statutory requirement that only a "party affected" by an order may challenge it in court. According to the water company, the term "party" in the water rights statute should be interpreted consistently with the definition of the same term in the Oregon Administrative Procedures Act (APA), ORS 183.310(7), which limits the term to persons to whom a state agency had granted formal status as a party to the proceeding in which the agency generated the challenged order. The department joined the water company's motion.

Petitioners argued for a broader interpretation of "party," asserting that the APA definition does not apply and that the proper analysis of the statutory language leads to the conclusion that a "party affected" includes a person who is affected by the final order in other than a contested case, but has not necessarily achieved formal party status in the agency proceedings. According to petitioners, a person's involvement in the agency process leading to the final order in other than a contested case is immaterial under ORS 536.075(1); the key is whether the final order *affected* the person seeking judicial review.

The circuit court granted the motion to dismiss and explained in a letter opinion that, because petitioners lacked "party" status in the agency proceedings below, they did not have standing to seek judicial review of the final order in other than a contested case. The court explained that, under both the plain meaning of ORS 536.075(1) and the APA definition of the term "party," petitioners did not have the special status that is required by ORS 536.075(1) as a recognized participant in the agency proceeding below.

## II. ANALYSIS

■ On appeal, petitioners reprise their contention that an affected "party" who may seek judicial review of an order in other than a contested case under ORS 536.075(1) is merely any affected "person," regardless of that person's status in the proceeding that generated the order challenged. The water company adheres to its contention that the term

"party" is a term of art and that, in ORS 536.075(1), it plainly refers—as it uniformly does in other, similar statutes—to one who has been granted status as a formal party to a particular proceeding. As we have noted, on appeal, the department has shifted positions. Although it joined the water company's motion to dismiss in the circuit court, it now contends that it did so in error and that petitioners are correct in their reading of the statute.

■■ The issue before us is whether petitioners have standing to seek judicial review of the department's final order. "Standing" is a term that is used to describe "whether a party to a legal proceeding possesses a status or qualification necessary for the assertion, enforcement, or adjudication of legal rights or duties." *Kellas v. Dept. of Corrections*, 341 Or 471, 476-77, 145 P3d 139 (2006). Precisely what status or qualification is required to establish standing is determined by legislation; standing is not a matter of common law. *People for Ethical Treatment v. Inst. Animal Care*, 312 Or 95, 99, 817 P2d 1299 (1991).

■■ Interpreting legislative prerequisites for standing is governed by familiar rules of statutory construction; we examine the text of the statute in context and in light of any pertinent legislative history in order to determine the meaning of the statute most likely intended by the legislature that enacted it. *State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009). If our analysis yields more than one construction of the statute that is not "wholly implausible," *State v. Owens*, 319 Or 259, 268, 875 P2d 463 (1994), we will invoke relevant canons of construction to resolve the ambiguity. *Friends of Yamhill County v. Yamhill County*, 229 Or App 188, 192, 211 P3d 297 (2009).

This case concerns the statutory standing requirements for seeking judicial review of a decision of the department to approve an application to amend a water right permit. To place those standing requirements in context, we begin with a brief description of the application process itself.

ORS chapter 537 sets out the process by which persons may apply for a permit to appropriate water within the state. Subject to a variety of exceptions and exemptions, any person who wishes to appropriate water within the state

must file an application with the department. ORS 537.130. Upon receipt of the application, the department conducts an initial review. ORS 537.150. If the department determines that the application is complete, it is required to give public notice about, and request comments on, the application. ORS 537.150(6). "[A]ny person interested in the application" then is permitted to submit written comments. ORS 537.150(7). Following that, the department may issue a proposed final order approving or denying the application. ORS 537.153(1). Any person who opposes the proposed final order may protest it. ORS 537.153(6). On receipt of a protest, the department may initiate a contested case hearing. ORS 537.153(8). Meanwhile, any person who supports the proposed final order "may request standing for purposes of participating" in any contested case proceeding. ORS 537.153(5).

In any contested case hearing on a water right permit application, the "parties" to the hearing are limited to the applicant, any person who timely filed a protest, and any other person who timely filed a request for standing and petition to intervene. ORS 537.170(2). The hearing itself is otherwise conducted according to the provisions of the contested case hearing provisions of the APA. ORS 537.170(3).

Following the contested case hearing, the department is required to issue a final order within a certain number of days. ORS 537.175. If the application is approved, the department must issue a permit that specifies the details of the authorized use, setting forth any terms, limitations, and conditions that the department considers appropriate. ORS 537.211(1).

The holder of a water right permit is allowed to make certain changes to the permit. Among other things, the holder may seek a change in the point of diversion, the point of appropriation, or the place of use, provided that a number of conditions are satisfied. ORS 537.211(4). Among those conditions is that the holder of the permit provide notice to the department in advance. ORS 537.211(4)(e). The department then is required to publish the notice in a weekly public notice of water rights applications. ORS 537.211(7).

There is no statutory provision for a contested case hearing on a water right permit holder's proposal to change

the point of diversion or appropriation or place of use. There is no provision for any hearing at all. Indeed, the statute does not even specify that the department's permission in the form of a final order is required before a holder can make the proposed change. Strictly speaking, the statute arguably states that, as long as the holder meets the prerequisites for making the change—including providing notice—the holder may make the change as proposed. Be that as it may, it appears that the department asserts the authority to grant or deny a request to amend a point of diversion or appropriation or place of use, and no one contests that in this case.

Decisions of the department that are made in the form of a final order are subject to judicial review. The statute that spells out the process for obtaining judicial review specifies different requirements, depending on whether the final order that is challenged was issued in a contested case or in other than a contested case:

"(1)   Any party affected by a final order other than contested case issued by the Water Resources Commission or Water Resources Department may appeal the order to the Circuit Court of Marion County or to the circuit court of the county in which all or part of the property affected by the order is situated. The review shall be conducted according to the provisions of ORS 183.484, 183.486, 183.497 and 183.500.

"(2)   Any party affected by a final order in a contested case issued by the Water Resources Commission or the Water Resources Department may appeal the order to the Court of Appeals."

ORS 536.075.

In this case, as we have noted, the water company already held a water right permit and submitted an application to the department to change the place of use, as provided in ORS 537.211(4). The water company provided the notice to the department required by ORS 537.211(4)(e), and the department published the notice in its weekly public notice of water rights, as provided in ORS 537.211(7). The department then approved the proposed change by final order. There was no contested case hearing; there was no hearing of any sort.

As we have noted, there is no statutory provision for a hearing on a proposed change to an existing water right permit under ORS 537.211(4).

Because the final order was not issued in a contested case, petitioners filed a petition for judicial review in the circuit court pursuant to ORS 536.075(1), which applies to petitions for review of orders in other than a contested case. That statute, however, applies only to a "party" affected by a final order to seek judicial review. The question before us is whether petitioners are "parties" within the meaning of the statute.

■ The term "party" as it is used in ORS 536.075(1) is not defined by the statute.[2] Accordingly, we begin with the plain, ordinary meaning of the term. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) ("[W]ords of common usage typically should be given their plain, natural, and ordinary meaning."). The usual source for

---

[2] The water company suggests that, although there is no definition of the term "party" in ORS chapters 536 or 537, we should adopt the definition of the same term as provided in the APA, ORS 183.310(7). Nothing in the statute at issue, however, suggests that the legislature intended to adopt that definition. ORS 536.075(8) provides that, for the purposes of that section, the terms "final order" and "contested case" have the definitions set out in the APA, ORS 183.310. It appears that, when the legislature wanted to adopt a definition from the APA, it said so; it did not include the definition of "party." Cf. *State v. Bailey*, 346 Or 551, 562, 213 P3d 1240 (2009) ("Generally, when the legislature includes an express provision in one statute and omits the provision from another related statute, we assume that the omission was deliberate."). Moreover, the definition of "party" in ORS 183.310(7) appears to apply to contested cases or other proceedings in which there is an actual, formal hearing, given that it refers to persons "entitled as of right to a hearing before the agency[,]" ORS 183.310(7)(a); persons "named by the agency to be a party[,]" ORS 183.310(7)(b); and persons "requesting to participate before the agency as a party or in a limited party status which the agency determines either has an interest in the outcome of the agency's proceeding or represents a public interest in such result[,]" ORS 183.310(7)(c). The water company suggests that at least the last of the three definitions could apply to a case such as this one, in which there was no formal hearing. ORS 183.310(7)(c), however, provides that an agency's determination of party status under that provision is subject to judicial review under the statutes pertaining to review of orders in *contested cases*, strongly suggesting that the definition applies only to determinations in contested case proceedings.

The water company insists that such a conclusion runs counter to our decision in *Waterwatch of Oregon v. Boeing Agri-Industrial Co.*, 155 Or App 381, 963 P2d 744 (1998). The water company is incorrect, however. In that case, we expressly stated that "[w]e need not address whether ORS 183.310 applies to water rights proceedings," because, even if it did, the statute did not affect the outcome of the case. *Id.* at 386.

determining the ordinary meaning of statutory terms is a dictionary of common usage. *State v. Murray*, 340 Or 599, 604, 136 P3d 10 (2006) ("Absent a special definition, we ordinarily would resort to dictionary definitions, assuming that the legislature meant to use a word of common usage in its ordinary sense.").

In this case, the dictionary offers a number of different definitions of the term "party," including:

> "2 * * * b (1) : one (as an individual, firm, or corporation) that constitutes the plaintiff or the defendant in a lawsuit : Litigant (2) : one directly disclosed by the record to be so involved in the prosecution or defense of a proceeding as to be bound by the decision or judgment therein (3) : one indirectly disclosed by the record as being directly interested in the subject matter of a suit or as having power to make a defense, control the proceedings, or appeal from the judgment. * * * 4 *archaic* : one of two or more sides (as in a contest, dispute, or contract) * * * 5 : one (as a person or group) that takes part with others in an action or affair : one of several persons engaging or concerned in a transaction * * * 6 a : the individual in question or involved in the case at hand : the specific person to whom reference is made * * * b : a particular individual : PERSON[.]"

*Webster's Third New Int'l Dictionary* 1648 (unabridged ed 2002). The dictionary thus provides a range of definitions, from the very specific (the plaintiff or the defendant in a lawsuit) to the very general (a particular individual or person). The former definition is consistent with what the water company contends the statute means in this case. But the latter definition is perfectly consistent with what petitioners and the department contend the statute means.

To determine which of the different ordinary senses of the term "party" the legislature most likely intended, we examine the context of the statute in which the term is employed. *Dept. of Transportation v. Stallcup*, 341 Or 93, 99-100, 138 P3d 9 (2006). Unfortunately, consideration of that context provides us with mixed signals as to the legislature's intentions.

■    On one hand, there is the fact that the judicial review provision employs the term "party" not only in reference to review of orders in other than contested cases but also in reference to review of orders in contested cases. ORS 536.075(2) provides that a "party affected by a final order in a contested case" may seek review in the Court of Appeals. As we have noted, the statutes pertaining to the contested case procedures that lead to the issuance of a water right permit make plain that a "party" is the applicant, any person who timely filed a protest, and any other person who timely filed a request for standing and request to intervene. ORS 537.170(2). It is a longstanding principle of statutory construction that words may be assumed to be used consistently throughout a statute. *Tharp v. PSRB*, 338 Or 413, 422, 110 P3d 103 (2005). In this case, if the definition of "party" that applies to judicial review of orders in contested cases under ORS 536.075(2) also applies to the judicial review of orders in other than contested cases under ORS 536.075(1), then the water company is correct that petitioners in this case do not qualify; they are not applicants, did not timely file a protest, and did not timely file a request for standing and to intervene.

On the other hand, ORS 536.075(1) provides that the review of a department order under that section "shall be conducted according to the provisions of ORS 183.484," the provision of the APA pertaining to judicial review of orders in other than a contested case. That APA provision, in turn, states that review will be initiated by a petition stating "the nature of the petitioner's interest, the facts showing how the petitioner is adversely affected or aggrieved by the agency order * * * or grounds upon which the petitioner contends the order should be reversed or remanded." ORS 183.484(3). The water rights statute thus appears to equate a "party" who initiates judicial review under ORS 536.075(1) with a "petitioner" who alleges that he, she, or it is adversely affected or aggrieved, without reference to whether that petitioner was a formal "party" in a prior proceeding.

Consistently with that reading is the fact that ORS 536.075(1) confers standing on any "party *affected*" by the order in other than a contested case. If the term "party" refers

to one who already has obtained party status in some proceeding that preceded the issuance of the order, then the term "affected" is superfluous, given that, in order to have become a "party" in the limited sense that the water company suggests, a person will presumably already have demonstrated the required interest in the case. *See, e.g., State v. Stamper*, 197 Or App 413, 418, 106 P3d 172, *rev den*, 339 Or 230 (2005) ("As a general rule, we assume that the legislature did not intend any portion of its enactments to be meaningless surplusage.").

Indeed, reading the statute any other way creates what appears to be an impossibility. The fact is that the statute provides no mechanism that enables persons such as petitioners to file a protest, to file a request for standing or a petition to intervene, or in any other way to become recognized as "parties" in the sense suggested by the contested case provisions. That is because the water rights statute permits the department to approve a request for a change to the permit without any sort of hearing in which another person could file a protest or file a request for standing or a petition to intervene. It strikes us as highly unlikely that the legislature would have intended to condition judicial review on persons becoming parties to a proceeding that does not exist.

■     The water company suggests that it may be fairly assumed that the legislature intended that there be a prior proceeding to which interested persons could become parties in the more limited and formal sense that it proposes. The problem with the water company's argument is that the statute nowhere provides for such a proceeding. The legislature certainly knows how to refer to such a proceeding. As we have noted, the statutes pertaining to applications for water right permits in the first instance include detailed provisions for interested persons to protest a proposed order, request a contested case proceeding, apply for a determination of standing, or petition to intervene. ORS 537.153. The legislature made no provision for such proceedings in the case of permit amendment requests under ORS 537.211. In fact, there is no mention of any hearing at all. The water company rejoins that ORS 537.211(7) does mention the requirement that the department give public notice of a permit holder's intention

to amend a permit. From that, the water company contends, it may safely be assumed that the legislature intended that interested persons have an opportunity to comment on such proposals. Granting the assumption, though, the water company does not explain and we do not understand how filing a comment satisfies what the company contends are the statutory requirements for obtaining status as a "party."

The water company insists that examining the current version of ORS 536.075(1) in relation to prior versions makes clear that, whatever the practical consequences, the legislature's determination that only a formal party may seek judicial review was intentional. Consideration of prior versions of a statute certainly is appropriate as part of a statute's context. *Dept. of Rev. v. Faris*, 345 Or 97, 102, 190 P3d 364 (2008) (examining predecessor statutes as part of the context of the statute in dispute); *Krieger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994) ("[W]ording changes adopted from session to session are a part of context of the present version of the statute being construed."). The problem is that considering the earlier versions of the statute in this case does not yield such a clear picture of the legislature's intentions as the water company suggests.

Before 1985, the water rights statutes included two different, conflicting provisions pertaining to judicial review of water rights permit decisions. First, there was *former* ORS 536.560 (1983), *repealed by* Or Laws 1985, ch 673, § 185, which provided that

> "[a]ny person, public corporation or state agency aggrieved by any order, rule or regulation of the Water Policy Review Board * * * may appeal from the same to the circuit court of the county in which the property affected by such order, rule or regulation or any part of such property is situated."

Second, there also existed *former* ORS 537.185 (1983), *repealed by* Or Laws 1985, ch 673, § 185, which provided that "[j]udicial review of orders under ORS 537.150 to 537.190 shall be as provided in ORS 183.310 to 183.550[,]" which is the APA. In *Steamboaters v. Winchester Water Control Dist.*, 69 Or App 596, 599-600, 688 P2d 92 (1984), *rev den*, 298 Or 553 (1985), we noted that the two provisions were irreconcilable and concluded that the former, as the more particular of

the two, controlled. The following year, the legislature repealed both statutes and replaced them with what is now ORS 536.075, which, as we have noted, more clearly provides that judicial review of orders in contested cases lies in the Court of Appeals, while judicial review of other orders lies in the circuit court.

The water company observes that, in the process of amending the judicial review statute, the legislature left out the broader reference to any "person" being entitled to judicial review and replaced it with a narrower reference to a "party" being entitled to judicial review. According to the water company, we must assume that the legislature intended the amendment to have effect.

That certainly is a permissible inference from the amendment. But it is not the *only* permissible inference. The water company cites no legislative history suggesting that the legislature intended to do anything other than specify *where*—that is, in which court—judicial review may be sought, in response to our decision in *Steamboaters*, as opposed to altering the substantive conditions for obtaining judicial review. The fact that the legislature altered the wording of a statute does not always mean that it intended to alter the substantive effect of the statute. *See, e.g., Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997) (legislative alteration of the wording of ORCP 47 did not alter the substantive effect of the rule). It could be that the legislature understood that the change from "person" to "party" had no particular substantive effect. As we have noted above, that would be consistent with an ordinary sense of the term "party."

To summarize our analysis thus far, there is support for the water company's assertion that the term "party" has limited meaning and refers only to persons who are applicants, who file a protest, or who file a request for standing or a petition to intervene. That is the definition of "party" that applies to the contested case provisions of the water rights statute. ORS 537.170(2). And it is certainly permissible to assume consistency in the legislature's use of terms in the same statute.

The problem is that other provisions at least plausibly suggest that the legislature intended a different meaning of the term as it is used in the provision that relates to judicial review of orders in other than a contested case. One provision seems to equate the term "party" with any petitioner who is affected by an order. And such an interpretation certainly is consistent with the ordinary meaning—or at least one of the ordinary meanings—of the term. Moreover, giving the term the narrower effect that the water company contends creates the distinctly anomalous consequence of requiring a person to do the impossible, that is, obtain party status where the statute provides no opportunity to do so.

Even if the application of ordinary rules of statutory construction may be said to favor the construction proposed by the water company, we cannot say that the construction proposed by petitioners and the department is wholly implausible. Lacking any pertinent legislative history, we therefore resolve the ambiguity by reference to applicable canons of construction. Two seem to us dispositive.

■ First, there is the absurd results canon. In the face of competing and not wholly implausible constructions of a statute, when one construction would lead to an absurd result and the other would not, we generally favor the latter, under the assumption that the legislature would not intend an absurd or impossible result. *State v. Vasquez-Rubio*, 323 Or 275, 282-83, 917 P2d 494 (1996). In this case, we can envision no policy that explains requiring a person who is adversely affected by a final order of the department to obtain a declaration that he or she or it is a party to a proceeding when there is no statutory provision for obtaining such a declaration and no statutory requirement that such a proceeding even occur. In brief, reading the statute as the water company suggests makes little sense.

■ Second, there is the avoidance canon. When confronted with competing, reasonable constructions of a statute, and there is even a tenable argument that one of them would render the statute unconstitutional, we generally favor the other construction. *State v. Rodriguez*, 217 Or App 24, 34, 175 P3d 471 (2007), *rev den*, 345 Or 159 (2008). In this case, if the statute limits judicial review of orders in other

than a contested case to persons who have been formally recognized as "parties," but there is no process by which such recognition may be obtained, persons such as the individual petitioners in this case could be faced with the prospect of being unable to obtain judicial review of department orders that adversely affect their property rights. *See Skinner v. Jordan Valley Irr. Dist.*, 137 Or 480, 491, 300 P 499, *opinion modified on denial of rehearing*, 3 P2d 534 (1931) ("The right to the use of water constitutes a vested property interest which cannot be divested without due process of law.").

We conclude that the circuit court erred in dismissing the petition for judicial review on the ground that petitioners are not "parties" within the meaning of ORS 536.075(1). The water company argues that, even if petitioners are "parties" within the meaning of that statute, the court did not err in dismissing the petition because petitioners failed to establish that they are "affected" by the department's final order approving the change to the water company's place of use. The trial court, however, never had the chance to evaluate petitioners' contentions in that regard, and we will not do so for the first time on appeal.

Reversed and remanded.