Argued and submitted September 10, 2015, affirmed December 29, 2016

**VROOM, LLC,**
*Petitioner,*

*v.*

**DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),**
a division of the
Department of Transportation,
*Respondent.*

Office of Administrative Hearings
Numbers 162803 and 162817;
Department of Motor Vehicles
Numbers 201105877 and 201105892;
A154372

388 P3d 379

Duane A. Bosworth argued the cause for petitioner. With him on the briefs was Davis Wright Tremaine LLP.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

## EGAN, J.

Petitioner, Vroom, LLC, appeals from a final order of the Driver and Motor Vehicle Services Division (DMV) that cancelled the registration of two vehicles owned by petitioner because petitioner could not establish that it was an Oregon resident eligible to register vehicles in Oregon. We affirm.

We review an administrative order following a contested case hearing for errors of law and for whether substantial evidence in the record supports the agency's findings of fact. ORS 183.482(8).

We take the facts from the final order as supplemented by undisputed evidence in the record. Petitioner is a registered limited liability company (LLC) in Oregon.[1] The LLC's business purpose is to own and operate a collection of vehicles of historical value that are sometimes sold or traded. The vehicles are operated sparingly to maintain or increase their value by keeping them in good working order. The CEO and sole member of the LLC, who resides in Washington, operates the vehicles in question for personal use when he visits Oregon. He is the only person who operates the vehicles. He also enters the vehicles in rallies and car shows, and the LLC allows him to do so with anonymity.

Both of petitioner's vehicles at issue here were registered in Oregon in 2009. The addresses provided by petitioner were the same on both registration applications. They listed petitioner's business address as a numbered building in an industrial park in Hines, Oregon, and its mailing address as a post office box in Kirkland, Washington. According to the postmaster in Hines, petitioner's business address is not a valid address for receiving mail. The building in Hines was once part of a large mill. It is a big building with an open floor plan, and it currently stores timber. None of petitioner's vehicles have ever been stored there, and the building is not used for any purpose other than to store

---

[1] The factual findings of the final order state that petitioner is "incorporated" in Oregon. We note that petitioner's name and business registration indicate that it is an LLC rather than a corporation. That discrepancy, if there is one, does not matter because all business entities must meet the same residency standards to be eligible to register vehicles in Oregon.

timber. Petitioner does not buy or sell timber, but its sister company does. The building has many broken windows, debris surrounds the building, and it is not connected to any utilities. There are no signs of business or other human activity in or around the building. The building is owned by another LLC with the same Washington address and CEO as petitioner. Petitioner has a license agreement for use of the building for any lawful purpose, including the storage of property, for a fee of $100 per year. The joint CEO of those companies signed the agreement for both entities. Petitioner has paid for cleanup and repairs to the building in Hines.

In 2011, after petitioner applied to register another vehicle that is not at issue here, DMV became suspicious that petitioner was not a resident of Oregon and was unlawfully registering vehicles in this state. It investigated the addresses provided by petitioner and visited the building in Hines. DMV sent petitioner a request for proof of residency and asked for more information about its business location in Oregon. In response, petitioner returned a certification of Oregon residency, providing the same addresses that were on the original registration applications for the two vehicles. It also sent DMV its Oregon business registry status, the license agreement for the building in Hines, property tax records for that building, and an invoice for the Oregon delivery of the vehicle it was attempting to register. After considering all of that information, DMV determined that petitioner could not register vehicles in this state because it had failed to prove that it was a resident of Oregon. In all, DMV sent petitioner notices of cancellation of the Oregon vehicle registrations of 18 cars that it owned.

Petitioner requested a hearing to contest the cancellation of two of the vehicle registrations. At the hearing before an administrative law judge (ALJ), petitioner presented evidence that the vehicles had been stored during the preceding years in Eagle Point, Oregon, at no cost to petitioner. At that time, one of the two vehicles was being restored out of state but would be returned to Oregon and also stored at no cost in Eagle Point.

The ALJ concluded that petitioner is ineligible to register vehicles in Oregon because it did not establish that

it is a resident of this state, petitioner did not provide DMV with the complete information that is required to register the vehicles, and DMV, therefore, was authorized to cancel the registrations of the two vehicles at issue. Under OAR 735-001-0020(3), the ALJ's amended proposed and final order became DMV's final order 30 days after it was issued.

On appeal, petitioner challenges the ALJ's conclusion that it is not a resident of Oregon eligible to register vehicles as a business entity. Petitioner argues that it is an Oregon resident for that purpose because it maintains a warehouse facility and operates vehicles in Oregon.[2] DMV responds that petitioner failed to establish that it maintains warehouse facilities in Oregon, as required by ORS 803.200(1)(d), because petitioner has failed to show that there is any connection between the building in Hines and its business in Oregon.

ORS 809.090(a) allows DMV to cancel the registration of any vehicle if the department determines that the holder is not entitled to the registration. Generally, a business entity must be a resident of Oregon to be eligible to register a vehicle in Oregon. OAR 735-016-0040(1). As relevant here, a business entity is a resident of Oregon for the purposes of registering vehicles if it "takes any action to indicate the acquiring of residence in this state *** by *** [m]aintaining a main office, branch office or warehouse facilities in this state and operating motor vehicles in this state." ORS 803.200(1)(d).

We begin by addressing the question of whether petitioner "[m]aintain[s] *** warehouse facilities" under ORS 803.200(1)(d) because it is dispositive. That question is one of statutory interpretation. In interpreting a statute, our task is to discern the legislature's intent, which we do

---

[2] The ALJ also concluded that petitioner does not operate vehicles in Oregon for business use and it failed to provide DMV with the information it was required to provide, specifically addresses. However, we address only the question of whether petitioner maintains warehouse facilities in Oregon because it is dispositive. In addition, we reject without discussion petitioner's fourth assignment of error. Petitioner contends that DMV erred in denying its filed exceptions to the ALJ's amended proposed and final order. The amended proposed and final order was the ALJ's revision of its first proposed and final order in response to and addressing petitioner's first series of exceptions.

by examining the statute's text, context, and any legislative history that we find pertinent to the analysis.[3] *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). We "do not simply consult dictionaries and interpret words in a vacuum" because the meaning of words can "depend[] on their context and the particular manner in which they are used." *State v. Cloutier*, 351 Or 68, 96, 261 P3d 1234 (2011).

Petitioner argues that "the evidence is undisputed that [it] is 'maintaining warehouse facilities' in Oregon" because it has a license to use the building in Hines and its upkeep and repair of that building mean that it maintains a warehouse facility in Oregon. Petitioner contends that, "as a matter of law[,] the ALJ wrongly interpret[ed] ORS 803.200(1)(d) to add to the statute language that is not present" to conclude that petitioner is not a resident. We disagree.

ORS 803.200(1)(d) requires a business entity to demonstrate that it has taken action to acquire residency by "[m]aintaining a main office, branch office or warehouse facilities in this state." "Maintaining" is used as a transitive verb to express an action that a business entity must take with regard to a main office, branch office, or warehouse facility. Because there is no other verb in paragraph (d), "maintaining" must apply to all three business operations. While maintain means "to keep in a state of repair, efficiency, or validity," it also means "to persevere in: carry on: keep up: CONTINUE." *Webster's Third New Int'l Dictionary* 1362 (unabridged ed 2002).

Petitioner's interpretation of the statute requires two statements to be true. First, as applied to warehouse facilities, the legislature must have intended to use "maintaining" to mean simply that a business entity is required to be responsible for keeping a warehouse building in a state of repair. Second, because that definition does not make sense if it is applied to maintaining an office, the legislature must have intended "maintaining" to mean different things with respect to an office and a warehouse facility. In light of

---

[3] Although we can look at legislative history if it is useful to interpret the statute, neither party offers any, and the text and context alone provide us a clear view of the legislature's intentions.

the statute's text and context, both of those statements are implausible.

First, petitioner is eligible to register vehicles in this state only if the legislature intended "maintaining" to merely require that a business have responsibility for the upkeep and repair of a warehouse facility in Oregon. Although it has a license to use the building, there is no evidence that petitioner has ever conducted business from the building in Hines. Timber is stored there, and petitioner does not buy or sell timber. Petitioner's business is to own and operate vehicles of historical value, but it has never used the building in Hines to facilitate its storage, operation, buying, selling, or trading of its vehicles. The legislature's inclusion of the word *facilities* suggests, however, that the business entity's warehouse must be used in aid of its business activities and not simply to have control over a building that stores something unrelated to the business. *See Webster's* at 812-13 (defining "facility," in relevant part, as "something that promotes the ease of any action, operation, transaction, or course of conduct—usually used in plural" or "something (as a hospital, machinery, plumbing) that is built, constructed, installed, or established to perform some particular function or to serve or facilitate some particular end"). Thus, we conclude that the ordinary meaning of "[m]aintaining * * * warehouse facilities in this state" is to establish and keep a warehouse facility for business use, not merely to provide for the physical upkeep of a building.

Second, given the structure of paragraph (d), it does not follow that "maintaining" should be interpreted to mean different things for offices and warehouse facilities. We presume that the legislature uses a term in a statute to mean the same thing throughout the statute, unless there is evidence that it is using the term in different ways. *See, e.g., Pete's Mountain Homeowners v. Ore. Water Resources*, 236 Or App 507, 518, 238 P3d 395 (2010) ("It is a longstanding principle of statutory construction that words may be assumed to be used consistently throughout a statute."). Here, there is no basis to believe that the legislature intended to use the same verb to apply differently to actions taken in relation to two of the three objects in a list directly following the verb. The common meaning of the phrase maintaining a

main office or branch office describes a business entity taking action to establish and keep a physical place from which business is conducted on behalf of the entity. The legislature cannot have intended "maintaining" a main office or branch office to mean that an entity is responsible for the physical upkeep of an office structure where no one actually works and no work is done in furtherance of the business purpose of the entity. We conclude that the statute's text does not support petitioner's proposed construction of the statute.

Petitioner's contrary reading of the statute also ignores the purpose of the statute. The statute aims to limit the eligibility of business entities to register vehicles in Oregon by requiring them to have a connection between their business activity in Oregon and their intention to reside here, as shown by maintaining a place from which that activity is conducted. Merely keeping a warehouse in a state of repair is not an "action to indicate the acquiring of residence in this state" as required by ORS 803.200(1)(d). A license to use an inactive building that stores timber does not facilitate petitioner's business purpose of owning and operating cars, and it does not provide a connection to Oregon that shows an effort to become a resident.

Because we conclude that petitioner does not maintain a warehouse facility under ORS 803.200(1)(d) and petitioner does not argue that it maintains any other office or warehouse facility in Oregon, we need not address whether petitioner "operates" vehicles in Oregon. We also need not address whether petitioner provided the addresses required by DMV because petitioner has not shown that it could provide the addresses necessary to complete valid registration applications.

The ALJ correctly concluded that DMV could cancel the Oregon vehicle registrations of petitioner's vehicles because petitioner is not a resident of Oregon for the purpose of registering vehicles.

Affirmed.